## KIMBERLY v. CISSNA.

No. 21072. Opinion Filed Dec. 13, 1932.

Clarence Robison, for plaintiff in error.

Floyd Wheeler, for defendant in error.

HEFNER, J. This is an action brought in the superior court of Pottawatomie county by Hattie E. Kimberly against George W. Cissna to impress a trust upon certain real estate located in that county, and to obtain a decree declaring her to be the equitable owner of an undivided one-half interest therein. The trial court, on objection of defendant, excluded certain evidence offered to prove the trust, and at the conclusion of the evidence sustained a demurrer thereto, and entered judgment in favor of defendant. Plaintiff has assigned these rulings as error.

The defendant and plaintiff were formerly husband and wife. Plaintiff obtained a divorce from defendant in the district court of Grayson county, Tex., January 22, 1923. She offered to prove that, pending the divorce action, certain letters were written to her by defendant, wherein he agreed that, if she would refrain from asking a division of the property in the divorce action, he would hold one-half interest therein in trust for her, collect the rents therefrom, and pay all taxes and later, in the event the property proved valuable, would convey to her an undivided one-half interest in the fee. The trial court, on objec-

tion of defendant, excluded this evidence for the reason that the letters were not acknowledged and recorded in accordance with the requirements of section 8466, C. O. S. 1921 [O. S. 1931, sec. 11821]. This raises a very important question for our determination. Some of the statutes in reference to the creation of trusts are as follows:

"8461. The preceding sections of this chapter do not extend to trusts arising or resulting by implication of law, nor prevent or affect the creation of such express trusts as are hereinafter authorized and defined.

"8462. No trust in relation to real property is valid unless created or declared:

"First, By a written instrument, subscribed by the grantor or by his agent thereto authorized by writing.

"Second. By the instrument under which the trustee claims the estate affected; or,

"Third. By operation of law."

"8465. Express trusts may be created in real or personal property or both, with power in the trustee, or a majority of the trustees, if there be more than one, to receive title to, hold, buy, sell, exchange, transfer and convey real and personal property for the use of such trust; to take, receive, invest or disburse the receipts, earnings, rents, profits or returns from the trust estate; to carry on and conduct any lawful business designated in the instrument of trust, and generally to do any lawful act in relation to such trust property which any individual owning the same absolutely might do."

"8466. No such express trust shall be valid unless created, first, by a written instrument subscribed by the grantor or grantors duly acknowledged, as conveyances of real estate are acknowledged, and recorded, in the office of the county clerk of each county wherein is situated any real estate conveyed to such trustee, as well as in the county where the principal property is located or business conducted. * * *

"8479. Where an express trust is created in relation to real property, but is not contained or declared in the grant to the trustee, or in any instrument signed by him, and recorded in the same office with the grant to the trustee, such grant must be deemed absolute in favor of the subsequent creditors of the trustee not having notice of the trust, and in favor of purchasers from such trustee without notice, and for a valuable consideration."

It must be kept in mind that this is an action between the parties to the instrument, and the rights of intervening third parties are not involved. If such rights were involved, a different question would be presented.

Clearly, section 8479, supra, provides **for**

a trust agreement separate and apart from the grant itself. In other words, a deed could be executed in favor of the trustee, acknowledged, and placed of record, and in a separate instrument a trust agreement executed by them. Under this statute, as between the parties, it is not necessary for the trust agreement to be acknowledged or recorded. If, however, it were not properly of record, then the rights of innocent third parties might intervene.

The first subdivision of section 8462, supra, provides that a trust in real estate may be created by a written instrument subscribed by the grantor or by his agent thereto authorized by writing. There is no requirement that it be acknowledged or recorded.

Section 8465, supra, also provides for the creation of trusts and for the carrying on of a business by the trustee or trustees.

Section 8466, supra, provides that no such trust shall be valid unless created by a written instrument, acknowledged in the form required for a conveyance of real estate and recorded in the office of the county clerk of each county wherein is situated any real estate conveyed to the trustee as well as in the county where the principal property is located or business conducted.

Section 8479, supra, in substance, provides that where an express trust is created in relation to real estate, but the trust agreement is not contained in the deed or grant to the trustee, or in any instrument executed and recorded in the same office with the deed, or grant to the trustee, then the cestui que trust is not protected from the rights of innocent intervening creditors and purchasers.

Doubtless the object of requiring the trust agreement to be placed of record is to give notice to the public of the rights and liabilities of both trustee and cestui que trust. When all the statutes are considered together, we think the correct interpretation is that, as between the parties, a valid express trust may be created without the necessity of the trust agreement being acknowledged or recorded.

To hold otherwise would be equivalent to holding that A. could deed property to B. in trust for certain purposes or for certain individuals, or for the carrying on of a business entrusted to him by the trust agreement, and if the instrument creating the trust—although properly executed—were not properly acknowledged and recorded, B. could disregard the trust he had accepted and solemnly agreed to execute, and keep the property for his own use and benefit.

We cannot agree to an interpretation of this character.

We hold that, as between the parties, a trust created under section 8461 or under section 8465 is valid without being acknowledged or recorded.

It developed at the trial that the letters written by the defendant to plaintiff were lost and could not be produced. Plaintiff sought to prove their contents by oral testimony. An objection to this evidence was sustained on the ground that the letters were not acknowledged and recorded in accordance with the requirements of section 8466, supra, and on the further ground that no sufficient foundation was established for the introduction of secondary evidence. The evidence shows that the letters were written by defendant to plaintiff; that she placed them in the hands of her attorney, by whom they were misplaced or lost; that on a thorough search they could not be found. It is further shown that, after he received the letters, the attorney moved his office, and in all probability he lost them while moving. This evidence furnished a sufficient foundation for the introduction of secondary evidence as to the contents of the letters, and the trial court erred in excluding the same. It also erred in sustaining defendant's demurrer to the evidence.

The judgment is reversed and the cause remanded for new trial.

LESTER, C. J., CLARK, V. C. J., and CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (2) 26 R. C. L. 1198, 1199; R. C. L. Perm. Supp. p. 5852; R. C. L. Pocket Part, title "Trusts," § 34. (3) 10 R. C. L. 1020.