954

## PENN v. COMMISSIONER OF INTERNAL REVENUE.
### No. 11559.

Circuit Court of Appeals, Eighth Circuit.
March 7, 1940.

A. F. Schaetzle, of Des Moines, Iowa, for petitioner.

Edward H. Hammond, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, Sp. Asst. to Atty. Gen., on the brief), for respondent.

Before STONE, SANBORN, and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This petition to review a decision of the United States Board of Tax Appeals involves the income taxes of petitioner for the years 1934 and 1935. The question presented is whether the petitioner is taxable for the income derived from securities constituting the corpus of two trusts of which he was grantor and trustee and his two minor daughters were the beneficiaries.

The taxpayer is a resident of Des Moines, Iowa. On June 7, 1934, he exe- cuted two declarations of trust identical in form except that in one his daughter Lois Mary, aged 16, was named beneficiary, and in the other he named his daughter Patricia Lou, aged 8, beneficiary. The corpus of each trust consisted of an undivided $\frac{1}{4}$ interest in certificate No. 1 dated August 1, 1928, evidencing the ownership by the petitioner of 2,000 shares of the common stock of Penn Electric Switch Co.

The declarations of trust provided that the trusts should terminate at the end of five years or upon the death of either the trustor or beneficiary which ever occurred first. Upon termination of the trusts the accumulated net income was to be treated as the property of the respective beneficiaries and the corpus of the trust estates was to be the property of the trustor. During the continuance of the trusts the trustor was authorized in his absolute discretion to distribute the net income to the beneficiaries in installments or to accumulate it for their benefit. Complete authority to invest and reinvest the corpus and income at his discretion was given the trustee. The declarations of trust were in every material feature, and almost word for word, the same as the declaration of trust involved in the case of Clifford v. Helvering, 8 Cir., 105 F.2d 586.

In 1934 the Penn Electric Switch Co. paid dividends on its common stock aggregating $12.50 a share and in 1935 in the amount of $21.25 a share. When the dividends were declared they were credited on the books of the corporation to the account of petitioner. Instead of paying one-fourth of the dividends to each of the trusts the petitioner executed his demand promissory notes to each of the trusts for its respective share. Endorsements on the notes show that a large part of the sums evidenced by the notes has been paid.

The taxpayer did not include the dividends from the stock belonging to the trusts in his income tax returns for the years 1934 and 1935. The Commissioner added the taxable net income and assessed a deficiency accordingly. Upon appeal to the Board of Tax Appeals the action of the Commissioner was affirmed.

The question presented is whether the income from the securities after the establishment of the trusts is taxable to the grantor as the owner of the corpus under section 22(a) of the Revenue Act of 1934,

c. 277, 48 Stat. 680, 686, 26 U.S.C.A. § 22(a).

This is the identical issue which was involved in the case of Clifford v. Helvering, supra. At the time this case was submitted the Clifford case was pending on certiorari in the Supreme Court. That case has now been decided (Helvering v. Clifford, 60 S.Ct. 554, 84 L.Ed. —— decided February 26, 1940), and the decision controls and compels an affirmance of the Board in this case.

The order of the Board is affirmed.