## COX v. COMMISSIONER OF INTERNAL REVENUE.

## CHILDERS v. SAME.

### Nos. 1972, 1984.

Circuit Court of Appeals, Tenth Circuit.
April 4, 1940.

Robert Stone, of Topeka, Kan., and Ellis D. Bever, of Wichita, Kan. (Stone, McClure, Webb, Johnson & Oman, of Topeka, Kan., on the brief), for petitioners.

Milford S. Zimmerman, Atty., Dept. of Justice, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Joseph M. Jones, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before PHILLIPS, BRATTON, and HUXMAN, Circuit Judges.

PHILLIPS, Circuit Judge.

These are petitions to review decisions of the Board of Tax Appeals. They involve the taxable income derived from two trust estates during the year 1934. In each case the same question is presented, namely, Was such income taxable to the donor or the beneficiaries of the trust?

Both of the trust instruments were executed on May 16, 1932. In one, hereinafter referred to as the Cox trust, Robert R. Cox is the donor and Robert R. Cox and E. K. Childers are the trustees. In the other, hereinafter referred to as the Childers trust, E. K. Childers is the donor and E. K. Childers and Robert R. Cox are the trustees.

The Cox trust instrument provides that the trustees shall pay one-half of the net income derived from the trust estate to Robert R. Cox during his lifetime, and that designated fractional parts "of all net income not paid to said Robert R. Cox shall be paid" to the other beneficiaries. The Childers trust instrument provides that one-fifth of the net income received by the trustees after December 31, 1932, shall be paid to E. K. Childers during her lifetime, and that designated fractional parts "of all net income not paid to E. K. Childers shall be paid" to the other beneficiaries.

The trust instruments contain many provisions common to both. Each provides that during the lifetime of the donor, the trustees may, in their sole discretion, pay to any beneficiary only part of his or her income, and that the balance shall be held and accumulated by the trustees for future distribution to such beneficiary in such amount and at such time as shall be determined solely by the trustees.

Each provides that "in case the Net Income from the Trust Estate allotted for the benefit of any beneficiary . . is at any time or times insufficient, in the opinion of the Trustees, for the comfort, mainten-

ance and/or education of such beneficiary, the Trustees may pay out from time to time such sums from the principal as in their sole discretion may be necessary for such purpose or purposes."

Each provides that during the minority of any beneficiary entitled to receive income, payment of the whole or of any part thereof may in the sole discretion of the trustees be withheld.

Each provides that the trustees may determine the mode in which expenses are to be borne as between corpus and income, and which moneys or property of the trust estate shall be treated as corpus and which shall be treated as income, and that such determination shall be conclusive and binding upon all persons.

Each provides that the trustees shall, from time to time as they deem advisable, invest and reinvest the trust estate in securities of the United States, of states thereof, or of any county, city, town, or village of a state, in first mortgages, in stocks or first mortgage bonds of any corporation incorporated in the United States, or in any type of investment authorized for trust funds by the laws of the state of Kansas.

Each provides that during the lifetime of the donor the trustees may invest and reinvest the trust estate in the unsecured notes of any individual approved by the donor, as trustee, or in the unsecured notes or bonds of any corporation, firm, or syndicate, in which the donor is at the time a stockholder, partner, or member, and that the trustees shall not be liable for any loss resulting to the trust estate from or on account of any such investments approved by the donor, as trustee.

The Cox trust instrument provides that Robert R. Cox, as trustee, shall make any and all investments of the trust estate in his sole discretion, shall have the custody of all securities, funds, and other property of the trust estate, and shall make all payments and distributions provided thereunder while he is such trustee. The Childers trust instrument makes the same provision with respect to E. K. Childers, as trustee.

Paragraph six of each trust instrument, as amended June 11, 1932, provides that "this agreement, and the Trust hereby created, may be altered, amended, and/or revoked, in whole or in part, at any time, and from time to time, by the Donor, in conjunction with any other beneficiary"

then sui juris and having a substantial adverse interest in the disposition of the corpus of the trust or the income therefrom, and that in the event of a complete revocation thereof, the entire corpus and all accumulated income shall be transferred and delivered to the donor.

The Cox trust instrument provides that in all matters wherein any discretion is granted the trustees by the trust instrument, the decision of the trustee, Robert R. Cox, shall be conclusive and binding upon both trustees, and on all beneficiaries thereunder. The Childers trust instrument makes the same provision respecting decisions of E. K. Childers, as trustee.

The Cox trust instrument provides that upon the death of the donor, the trust shall terminate and the accumulated income then in the hands of the trustees shall be distributed to the beneficiaries entitled to receive the same, and the corpus paid over in certain designated proportions to named beneficiaries, or, in the event of the death of a named beneficiary prior to such termination, to his or her lawful issue.

The Childers trust instrument contains the same provision, except that instead of providing for the distribution of accumulated income it provides that it shall be added to the corpus and the whole divided into five equal parts and distributed to five named beneficiaries, or, in the event of the death of a named beneficiary prior to such termination, to his or her lawful issue.

The beneficiaries named in the Cox trust instrument are Robert R. Cox, the donor, Edith W. Cox, wife, Mary Anne Cox and Margaret Jean Cox, daughters, Robert R. Cox, Jr., son, Herbert J. Cox, brother, and Mabel E. Wade, cousin, of the donor. The beneficiaries named in the Cox trust instrument to whom the estate is to be paid over at the termination of the trust are Edith W. Cox, wife of the donor, who is to receive one-half, and Mary Anne Cox and Margaret Jean Cox, daughters, and Robert R. Cox, Jr., son, of the donor, each of whom is to receive one-sixth.

The beneficiaries named in the Childers trust instrument are E. K. Childers, the donor, Robert L. Childers, son, Dorothy Childers, daughter, Edith K. Mahaffey, sister, of the donor, and Mattie B. Kehrer. The beneficiaries named in the Childers trust instrument to whom the estate is to be paid over at the termination of the trust are Robert L. Childers, son, Dorothy Childers, daughter, Bertha K. Hulser, sister,

Edith K. Mahaffey, sister, of the donor, and Mattie B. Kehrer, if living, otherwise Winfield S. Kehrer, brother of the donor, each of whom is to receive one-fifth.

The Board of Tax Appeals held as to each trust that the donor, as trustee, had the power to determine all matters involving discretion, to determine what was principal and what was income, to accumulate income and to invade the corpus and pay it over to the donor for comfort, maintenance, or support, and, therefore, the entire income was taxable to the donor.

■ Where, under a trust, the donor is trustee and the beneficiaries are members of his family group, the arrangement should be subjected to careful scrutiny. Helvering v. Clifford, Jr., 60 S.Ct. 554, 84 L.Ed. —, decided February 26, 1940.

Under § 166 of the Revenue Act of 1934, 48 Stat. 680, 729, 26 U.S.C.A.Int.Rev.Code, § 166, where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, the income of such part is taxable to the grantor.

■ It will be observed that under the provisions of each trust instrument, in all matters involving discretion the decision of the donor, as trustee, is conclusive and binding upon the other trustee and all the beneficiaries. In view of this provision, it follows that under other provisions the donor-trustee may withhold and accumulate the income of all beneficiaries, may determine how expenses shall be borne as between corpus and income, and what moneys or property of the trust shall be treated as corpus and what shall be treated as income, and may invest the corpus and accumulated income in such securities as he sees fit, including unsecured notes of any individual and unsecured notes of any corporation, firm, or syndicate in which he is interested as a stockholder, partner, or member, fully exculpated from any loss resulting from any such investment. It will be observed further that the donor, as trustee, may at any time in his discretion pay the whole of the corpus to himself for his support, comfort, or maintenance; and that with the consent of any one of the beneficiaries having a substantial adverse interest in the disposition of the corpus, he may terminate the trust, in which event the entire corpus

and all accumulated income is to revert to the donor.

It is urged that the discretion to pay the corpus to the donor for his comfort and maintenance must be reasonably exercised and if abused is subject to restraint by a suit in equity at the instance of any one of the beneficiaries. Theoretically, this is true. But, when consideration is given to the broad powers vested in the donor to determine what is income, to withhold the distribution of income from any beneficiary and accumulate the same, to freely invest the corpus and accumulated income, and to terminate the trust with the consent of any one of the beneficiaries sui juris, and to the relationship existing between the donor and the beneficiaries, it is wholly improbable that a beneficiary would exercise his right to resort to a court of equity to restrain the discretion of the donor. See Rollins v. Helvering, 8 Cir., 92 F.2d 390, 393-5.

We conclude, therefore, that the power to revest in the grantor title to the whole of the corpus was vested in the donor under each trust instrument, and that the whole of the income is taxable to the donor under § 166, supra.

■ Furthermore, it is our opinion that the whole of the income is taxable to the donor under § 22(a) of the Revenue Act of 1934, 48 Stat. 680, 686, 26 U.S.C.A.Int.Rev. Acts. Each trust instrument made provision for the distribution of income, at the discretion of the donor, to himself and his family group. He was not restricted to the amounts stipulated. As to any beneficiary he could withhold payment of income in whole or in part, and he could pay more for support, comfort, or education. Each gave to the donor, as trustee, the power to make all decisions involving matters of discretion, to distribute or accumulate income, to charge expense either to income or corpus, to pay corpus to himself for his support or comfort, to freely invest corpus and accumulated income with complete exculpation for losses sustained from such investments. Each provided that the trust might be terminated with the consent of any beneficiary having a substantial adverse interest in the disposition of the corpus, and upon such termination that the corpus should revest in the donor. In view of the broad powers of the donor, as trustee, and the family relation, we think it may be reasonably assumed that such a consent would be freely given. If this be true, then the donor's

powers were substantially equivalent to those of owner of the corpus and the income and the trust amounted to no more than an arrangement for distribution of income to the family group in accordance with the will and discretion of the donor, and the entire income was taxable to the donor. See Helvering v. Clifford, Jr., supra. "Taxation is not so much concerned with the refinements of title as it is with actual command over the property taxed— the actual benefit for which the tax is paid." Corliss v. Bowers, 281 U.S. 376, 378, 50 S. Ct. 336, 74 L.Ed. 916; Burnet v. Wells. 289 U.S. 670, 678, 53 S.Ct. 761, 77 L.Ed. 1439.

The decisions of the Board of Tax Appeals are affirmed.