## THOMSON v. HELVERING, Com'r of Internal Revenue.

### No. 11528.

Circuit Court of Appeals, Eighth Circuit.

Sept. 21, 1940.

————◇————

Guy Chase, of St. Paul, Minn. (Kellogg, Morgan, Chase, Carter & Headley, of St. Paul, Minn., on the brief), for petitioner.

J. J. Pringle, Jr., Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Louise Foster, Sp. Assts. to Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH, and THOMAS, Circuit Judges.

PER CURIAM.

The petitioner challenges a determination by the Board of Tax Appeals that income received by her in 1934, as trustee of two short-term, irrevocable family trusts created by her for the benefit of her husband, was her income for purposes of taxation.

The trusts created by petitioner were similar to the trust considered by this Court in Clifford v. Helvering, 8 Cir., 105 F.2d 586. At the time petitioner filed her brief, the ruling in that case would, no doubt, have entitled her to a reversal of the Board's decision. Since that time, however, the Supreme Court of the United States, in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. ——, reversed our decision in Clifford v. Helvering and held that the trust income of the short-term family trust created by Clifford was sufficiently his income to be taxable to him under § 22(a) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts, page 669. Since Helvering v. Clifford was decided, we have ruled that the income of trusts such as those here involved is taxable to the person creating the trusts. Penn v. Commissioner, 8 Cir., 109 F.2d 954, and Helvering v. Hormel, 8 Cir., 111 F.2d 1. The contention that respondent is precluded from invoking § 22(a) because it was not relied upon before the Board must be ruled against petitioner for the reasons stated in the opinion in the case last cited (see page 5 of 111 F.2d).

The decision of the Board is affirmed.