**REUTER v. COMMISSIONER OF INTER-
NAL REVENUE.**

No. 9774.

Circuit Court of Appeals, Fifth Circuit.

March 15, 1941.

Douglas D. Felix, of Miami, Fla., for petitioner.

Arthur A. Armstrong and Sewall Key, Sp. Assts. to the Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau Int. Rev., and John W. Smith, Sp. Atty., Bureau Int. Rev. both of Washington, D. C., for respondent.

Before SIBLEY, HOLMES, and Mc-CORD, Circuit Judges.

HOLMES, Circuit Judge.

This petition to review requires us to determine whether a conveyance in trust of the income from certain securities, made by the taxpayer to himself as trustee for the use and benefit of his wife, his father, and his mother, sufficiently alienated the title, possession, and control of the property from the grantor so as to relieve him from taxation upon the income thereof. To decide the question, we must analyze the terms and conditions of the trust to ascertain whether the conveyance is embraced within the purview of either Section 22(a) or 166 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, §§ 22(a), 166. The deficiencies asserted are for the years 1935 and 1936.

The taxpayer, in 1932, transferred certain stocks to the Janirv Trust Fund, of which he named himself trustee with full authority to manage and invest at his discretion. Income from certain of the stock was payable to his wife and to his mother and father jointly up to $33,000. Income in excess of $33,000 on the named stock and all income from the other trust properties were to be added to the corpus of the trust. The trust was irrevocable until January 1, 1937, at which time it became revocable unless the donor had died, in which event it would continue until January 1, 1942, when it would terminate. If the wife failed to survive the date of termination, and the taxpayer did, then the trust would continue, and the income, except for small payments to the surviving parents, would be accumulated subject to the right of the taxpayer to distribute it at his discretion.

Our problem is simplified by the construction placed upon Section 22(a) of the Revenue Acts of 1934 and 1936, 48 Stat. 686, 49 Stat. 1657, 26 U.S.C.A. Int.Rev.Acts, pages 669, 825, by the Supreme Court in

the case of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. There, it was held that Congress intended to use the full measure of its taxing power so as to include benefits indirectly retained which are not antagonistic to full ownership. The Clifford case is indistinguishable, upon its material facts, from the one at bar. There, as here, the trust was irrevocable for a term of five years; there, as here, the grantor was the husband, and the beneficiary was his wife; there, as here, the grantor became the trustee, and retained the right to manage, invest, re-invest, and completely control the securities forming the fund; there, the trust automatically terminated at the end of the five years with reversion to the settlor; here, the trust became revocable at the end of five years at the option of the creator.

The establishment of the trust in neither case effected any substantial change in control or dominion. Though his title was somewhat modified temporarily, the grantor retained a reversionary interest and powers sufficient to hold him safe from loss or dissipation. The Board of Tax Appeals found that the creator of the trust retained an interest therein substantially equivalent to continuing ownership. Since the finding is supported by the evidence, deficiencies were properly assessed against the taxpayer.

The decision may also be rested upon said section 166, which provides that "where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested * * * in the grantor * * *, then the income of such part of the trust shall be included in computing the net income of the grantor." The phrase *at any time* qualifies *is vested*. Here, the power to revoke was vested in the grantor from the beginning. He could and did exercise the power prior to the expiration of the five-year period, the revocation to become effective only after the end of such period. The sense of the section is that trusts granted with such a string attached are not to be considered effectual grants for income-tax purposes.

The Board thought that Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L. Ed. 796, held section 166 not applicable to such a case as this. There was no power to revest reserved by the grantor in that case. The property simply reverted after five years. A clear distinction was drawn between a reversion and a power to revest, and the section was held to be applicable only when the trust contained the power to revest. If there had been a power reserved to revest the title after five years in the Wood case, we think the decision would have been different.

The decision of the Board of Tax Appeals is affirmed.