**JONES, Collector of Internal Revenue, v. NORRIS et al.**

**SAME v. NORRIS.**

Nos. 2168, 2169.

Circuit Court of Appeals, Tenth Circuit.

Aug. 4, 1941.

Before PHILLIPS, HUXMAN, and MURRAH, Circuit Judges.

MURRAH, Circuit Judge.

The two cases involve similar facts and questions of law, and were consolidated for trial and appeal.

The determinative question presented here is whether or not income from certain trusts, created by a father for the benefit of his children, is taxable to him as grantor under Section 22 (a) or Sections 166 and 167 of the Revenue Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669, and 26 U.S.C.A. Int.Rev.Code, §§ 166, 167.

■ Based on the contention that the income from the trust estate was taxable to the grantor, the Commissioner determined a deficiency for the taxable years of 1934 and 1935, (the computations are not in dispute) which the taxpayer appellee paid. On suit for refund, the trial court held that the income was not taxable to the grantor under Sections 166 and 167, and rendered judgment for the appellee taxpayer, from which the Commissioner has appealed. [1]

On January 20, 1921, the taxpayer, P. A. Norris, (appellee here) executed, acknowledged and delivered one trust instrument, by the terms of which he purported to create seven separate trusts for seven of his children. The trust was intended to be an irrevocable gift to the children and was to continue in force for twenty years. The net income during the term of the trust was to be retained by the trustee and added to the corpus to be invested as capital.

On March 1, 1935, the taxpayer executed, acknowledged and delivered a declaration of trust to C. L. Griffith, who was at that time the trustee of the former trust. This trust was for the benefit of his two other married children. The provisions of the second trust were in all material respects the same as the first trust. They will be treated here similarly and referred to herein as the Trust.

Warren F. Wattles, Sp. Asst. to Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., Sewall Key, Norman D. Keller, and Carl J. Marold, Sp. Assts. to the Atty. Gen., and Charles E. Dierker, U. S. Atty., of Oklahoma City, Okl., on the brief), for appellant.

D. A. Richardson and Hayes, Richardson, Shartel & Gilliland, all of Oklahoma City, Okl., for appellees.

---

[1] The Commissioner contended below that Sections 166 and 167 of the Revenue Act of 1934 controlled the question. The case was presented, considered and decided under Sections 166 and 167. On appeal, the Commissioner contends that the taxpayer is taxable under either Section 22 (a) or Sections 166 and 167. No objection is laid to the consideration of the taxability of the taxpayer under either of the sections. We shall consider taxability under Section 22 (a) and Sections 166 and 167. Helvering v. Hormel, 8 Cir., 111 F.2d 1, affirmed by the Supreme Court March 17, 1941, 61 S.Ct. 719, 85 L.Ed. 1037, and Commissioner of Internal Revenue v. Richter, 3 Cir., 114 F.2d 452, reversed by the Supreme Court March 17, 1941, 61 S.Ct. 723, 85 L.Ed. 1043.

From time to time, as provided therein, he conveyed certain property to the trust, including real estate and securities. When Norris executed the second trust, he filed a gift tax return and paid the gift tax assessed. Thereafter, and until 1935, the trustee made return upon the annual income from the trust estate, and paid the tax thereon under Section 161 et seq. of the Revenue Act.

In addition to the usual and ordinary provisions relating to the duties of the trustee, the trust instrument, among others contained the following provisions: "* * * I further reserve to myself alone, during my life time, and after my death, to my wife, * * * alone, the right to change my Trustee, but not the right to revoke said gift or trust estates hereby created, * * *. In order to safeguard the several trust estates and for their better care * * * and to meet changing or unexpected conditions and for the benfit of my said beneficiaries * * * I do further reserve the right any time prior to my death, * * * as I may deem proper to make such further changes * * * as I may see fit and proper to make in the management thereof; and in the character and form of investment; in changing investments or in directing that any investments shall remain and be held as permanent investments after my death; in changing the trustee, or such other changes as may in my opinion be for the best interest of my said beneficiaries. I further reserve the right during my lifetime, to order and direct my said Trustee to make settlement, either in full or in part, with any one of my said beneficiaries, after such one shall have reached the age of twenty-one years, or to order and direct that a certain part of the net income from any one, or more, of said estates, to be determined by me alone, shall be paid to the beneficiary thereof, * * *. I further reserve the right to nominate and appoint any one of my said beneficiaries, to act with me, or after my death, in handling said trust estates, with such powers as I may give him, * * *. The right to make the changes in said declaration of trust, herein set out, shall not however, operate to revoke the several estates hereby created, but is intended to be exercised only as in my judgment may be for the best interest of said beneficiaries. * * * While the estates hereby created are separate and distinct estates, and are to be so handled, the trustee shall have the right * * * to invest the fund of any one or more jointly in any investment made, but the income therefrom shall be kept separate, and shall be credited to each of such beneficiaries, according to his or her interest therein."

The trust instrument further provided that the trustee was required to render an annual statement to the grantor of each of the said estates for the preceding year. It further provided that in the event of the death of one or more of the beneficiaries, the trust should not be terminated thereby, but should continue for the full term and thereupon be paid to the child, or children, of such deceased beneficiary; if no children, then to the surviving beneficiaries, and the children then living of any deceased beneficiary by right of representation.

It is manifest that by the terms of the trust instrument, the grantor reserved unto himself full power of control and management over the trust estate, the same as if he were designated as the trustee. In fact, the trustee was a confidential employee of the grantor and it is plain that during the life of the trust, the grantor exercised autocratic powers over the trust estate, but his management was highly profitable.

The grantor did not record the deeds of conveyance to the trust until 1935, when the question of taxability to him arose. When it became advantageous to lease certain properties, included within the trust estate, for oil and gas, he executed the oil and gas leases to the property. He retained in his own bank account a substantial part of the proceeds resulting from trading in the property of the trust estate, but he kept strict books of account of his own, and the trustee kept honest and accurate account of all transactions which correctly reflected the property of the trust and the amount which he owed the trust estate at all times.

The grantor testified that he kept the funds of the trust estate in his own bank account merely as a matter of business convenience and gave similar explanations for his failure to record deeds of conveyance from himself to the trust. He further stated that he executed the oil and gas leases on the property of the trust in order to obviate possible difficulties in the title.

The contentions of the Commissioner here are based on the broad premise that because, (1) by the terms of the trust the grantor reserved the power to make such changes in the trust as he saw fit and proper in the management, or in his opinion, were for the best interest of the beneficiaries, (2) he reserved the right to change the beneficiary, (3) he did not affix the required Revenue Stamps to the deeds of conveyance of property transferred to the trust, or record the same in the counties where the properties were located, (4) he retained large sums of the trust money in his personal bank account, subject to his own use, (5) of the autocratic manner in which he controlled and managed the trust estate, coupled with the intimate family relationship found to exist, he did not part with the substantial incidents and attributes of ownership over the property essential to non-taxability under Section 22 (a) or Sections 166 and 167 of the Revenue Act of 1934.

The trial court held that the powers reserved by the trust intrument were limited to management and did not authorize revocation, revestment or reverter; that he did part with the substantial incidents and attributes of ownership within the purview of the applicable taxing statutes. Norris v. Jones, D.C., 31 F.Supp. 463.

We think the scope of our examination requires us to consider whether or not under all the facts and circumstances presented, the grantor of the trust is taxable either under Section 22 (a) or Sections 166 and 167 of the Revenue Act of 1934.[2] Helvering v. Hormel, supra and Commissioner of Internal Revenue v. Richter, supra. Sections 166 and 167, and Section 22 (a) all deal with concepts of ownership, but the problem of interpretation under Sections 166 and 167 is quite different from that under Section 22 (a). Helvering v. Wood, 309 U.S. 344, 60 S.Ct. 551, 84 L. Ed. 796. The ambit of Sections 166 and 167 contemplates a limited purpose to tax income from trust property to the grantor. Taxation under Sections 166 and 167 is dependent upon the power of the grantor to revest the property in himself. If by the terms of the trust instrument the power to revest is found to exist, the income is taxable to the grantor under Sections 166 and 167; if it does not exist it is non-taxable to the grantor and taxable under Section 161 et seq. The question is uninfluenced by the power to revert upon termination. Helvering v. Wood, supra; Helvering v. Dunning, 4 Cir., 118 F.2d 341 and Commissioner of Internal Revenue v. O'Keeffe, 1 Cir., 118 F.2d 639. Cf. Regulation 86, Article 166-1; Regulation 94, Article 166-1, and T.D. 4629 of Regulation 86.

Under Section 22 (a), as liberally construed by Helvering v. Clifford, 309 U. S. 331, 60 S.Ct. 554, 84 L.Ed. 788, taxation to the grantor depends upon whether or not the grantor, after the trust has been established may still be treated as the owner of the corpus. Under this scheme (Section 22 (a) all attributes and incidents of ownership become material to the

[2] Section 22 (a) of the Revenue Act of 1934, 48 Stat. 680, includes among "gross income" all "gains, profits, and income derived * * * from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever."

Section 166 reads in full: "Where at any time the power to revest in the grantor title to any part of the corpus of the trust is vested—

"(1) in the grantor, either alone or in conjunction with any person not having a substantial adverse interest in the disposition of such part of the corpus or the income therefrom, or

"(2) in any person not having a sub-stantial adverse interest in the disposition of such part of the corpus or the income therefrom, then the income of such part of the trust shall be included in computing the net income of the grantor."

Section 167. Income for benefit of grantor. "(a) Where any part of the income of a trust—

"(1) if, or in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income may be, held or accumulated for future distribution to the grantor; or

"(2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor; or

* * * * * *

then such part of the income of the trust shall be included in computing the net income of the grantor."

question of taxability, and in the determination of this question many facts and circumstances become relevant, which may or may not be pertinent in the interpretation of Sections 166 and 167. It might be said that the power to tax income upon trust property to the grantor under Sections 166 and 167 is found within the borders of Section 22 (a), as interpreted by the Clifford case. Certainly, all elements of taxability under Sections 166 and 167 become relevant under Section 22 (a).

■ It is sufficient therefore for us to consider whether or not the grantor of the trust may be considered for all practical purposes the owner of the trust within the broad and sweeping provisions of Section 22 (a). In the determination of this question all facts and circumstances, which bear upon the creation and operation of this trust become material, as well as the terms and provisions of the trust instrument itself. Because of the intimate family relationship existing between the grantor and the beneficiaries, and the arrangement growing out of it, it is our duty to scrutinize the provisions of the trust and all the circumstances attendant upon its creation and operation. Helvering v. Clifford, supra and Cox v. Commissioner of Internal Revenue, 110 F.2d 934.

We think the rationale of the Clifford case does not bring the facts here within the taxing scope of Section 22 (a). Since the Clifford case, courts have held Section 22 (a) inapplicable to facts much weaker than the instant facts. Commissioner of Internal Revenue v. Branch, 1 Cir., 114 F.2d 985, 132 A.L.R. 839 and Helvering v. Achelis, 2 Cir., 112 F.2d 929.

In the Branch case, supra, the First Circuit refused to extend the rationale of the Clifford case beyond the facts presented therein and held that the grantor of a trust was not taxable upon the income of the trust which he had created for his wife, making himself the trustee with full powers of management. The court there said [114 F.2d 987]: "* * * Where the grantor has stripped himself of all command over the income for an indefinite period, and in all probability, under the terms of the trust instrument, will never regain beneficial ownership of the corpus, there seems to be no statutory basis for treating the income as that of the grantor under Section 22 (a) merely because he has made himself trustee with broad power

in that capacity to manage the trust estate. * * *" See, also, Commissioner v. O'Keeffe, supra, 118 F.2d page 642.

In all cases wherein the courts have invoked the doctrine of the Clifford case to sustain the taxation of income from a trust estate to the grantor, the facts follow closely the Clifford case. Helvering v. Hormel, supra; Cox v. Commissioner of Internal Revenue, supra; Helvering v. Dunning, supra; First National Bank of Chicago v. Commissioner of Internal Revenue, 7 Cir., 110 F.2d 448; Thomson v. Helvering, 8 Cir., 114 F.2d 607, and Penn v. Commissioner of Internal Revenue, 8 Cir., 109 F.2d 954. In each of these cases, the court was dealing with a short term trust in which the power of revocation, revestment or reverter was either expressly manifest by the terms of the trust instrument, or the powers of management were so absolute as to admit of no question of the right of economic benefit to the grantor.

■ The salient features of this trust which distinguish it from the rationale of the Clifford case, and cases decided subsequently, are found, (1) in the tenure of the trust. The trust was to continue for a period of twenty years from its execution, (2) the grantor was to receive none of the benefits of either the corpus or income during its tenure, (3) on the termination of the trust both the corpus and the income were to be distributed to the beneficiaries named therein, or their issue, (4) the record does not show that the grantor ever received any economic benefit from either the corpus or the income of the trust.

It is true that in addition to the extensive powers of control and management granted by the trust, the trust instrument authorized the grantor to make such changes as he saw fit and proper in the management of the estate for the best interest of his beneficiaries, but such powers of change were limited to management and the power to revoke or retake any of the corpus or income was specifically denied to him.

We find no difficulty in divining the purpose of the power to make changes in the management, when such power is not inconsistent with the irrevocable provisions of the instrument. If the trust be irrevocable, it is certainly beyond the power of the grantor to revest or revert, because the property (both corpus and income) by

the terms of the trust instrument is to be distributed to the beneficiaries in person on its termination, or sooner in the discretion of the grantor.

The trust is valid under state law and enforceable as between the beneficiaries and the grantor. Section 9672, Oklahoma Statutes 1931, 16 Oklahoma Statutes Annotated Section 15; Kimberly v. Cissna, 161 Okl. 17, 16 P.2d 1090; Hudson v. Jones, D.C., 22 F.Supp. 938, and Rose v. Commissioner of Internal Revenue, 6 Cir., 65 F.2d 616.

We do not understand that the power of management, however unlimited, may operate to bring the grantor within the sweeping provisions of Section 22 (a), if by such powers he cannot derive any economic benefit therefrom, except whatever advantages he may gain by virtue of the provisions in the Revenue Act, which permits the creation of trusts and imposes taxation under Section 161 et seq.

It is plain that the question of taxability under Section 22 (2) or Sections 166 and 167 is one of degree and that we should resolve the substantial doubt in favor of taxability. Certainly, we should not allow "the form to obscure the reality." Where the line should be drawn depends upon the peculiar facts in each case, in the light of the broad reasoning manifest in the decisions before us. See Harrison v. Schaffner, 61 S.Ct. 759, 85 L.Ed. 1055, decided by the Supreme Court March 31, 1941.

Aside from the weight to be accorded the findings of fact below, Helvering v. Clifford, supra and Commissioner of Internal Revenue v. Branch, supra, our own appraisal of the facts leads irresistibly to the conclusion that the grantor retained neither the power to revoke, revest or revert either the corpus or the income. Absent these essential elements there can be no substantial incidents or attributes of ownership, sufficient to vest in the grantor any of the economic benefits of the trust, essential to taxation under either Section 22 (a) or Sections 166 and 167 of the Revenue Act of 1934.

The judgments of the lower court are affirmed.