## BUSH v. COMMISSIONER OF INTERNAL REVENUE.

### No. 12060.

Circuit Court of Appeals, Eighth Circuit.
Nov. 13, 1941.

---

243

John W. Windhorst, of Minneapolis, Minn. (John L. Connolly, of St. Paul, Minn., and Leland W. Scott and Fletcher, Dorsey, Barker, Colman & Barber, all of Minneapolis, Minn., on the brief), for petitioner.

L. W. Post, Sp. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and J. Louis Monarch, Sp. Asst. to the Atty. Gen., on the brief), for respondent.

Before GARDNER, SANBORN, and THOMAS, Circuit Judges.

SANBORN, Circuit Judge.

This case was argued with McKnight v. Commissioner, 123 F.2d 240, the opinion in which was filed this day. The petitioner on December 11, 1934, created two short term family trusts similar in all substantial respects to the trust considered in the McKnight case. Both of the trusts created by the petitioner terminated in less than three years. One was for the benefit of the petitioner's wife, and the other for the benefit of his sister, who was dependent on him. The petitioner during the years 1935, 1936 and 1937 regarded the trust income as taxable to the beneficiaries of the trusts, and did not include it in his federal income tax returns. The respondent, and later the Board, determined that the income of both trusts was, for purposes of taxation, that of the petitioner, under Sec. 22(a) of the Revenue Acts of 1934 and 1936, 26 U.S.C.A. Int.Rev.Acts, pages 669 and 825.

The facts are virtually identical with the facts in the McKnight case. The petitioner was the Vice-President, a director, and a large stockholder of the Minnesota Mining and Manufacturing Company, and the trustee under both of the trusts in suit was the same trustee as under the McKnight trust. The corpus of the trusts created by the petitioner was stock of the Minnesota Mining and Manufacturing Company. The circumstances under which the trusts in suit and the McKnight trust were created, administered and terminated were the same. We are of the opinion that this case is ruled by McKnight v. Commissioner, 8 Cir., 123 F.2d 240, and by Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The fact that one of the trusts created by the petitioner was for the benefit of his sister, we think does not except it from the rule announced in those cases.[1] It was still a short term family trust which left the petitioner in substantially the same position economically during the continuance of the trust as he was in before it was created and after it terminated.

The order of the Board is affirmed.

---

[1] See and compare: Cox v. Commissioner, 10 Cir., 110 F.2d 934; Commissioner v. Barbour, 2 Cir., 122 F.2d 165; Reuter v. Commissioner, 5 Cir., 118 F.2d 698.