## JACOBS v. COMMISSIONER OF INTERNAL REVENUE.

### No. 10198.

Circuit Court of Appeals, Fifth Circuit.

June 26, 1942.

Maurice Jacobs, of Miami, Fla., in pro. per.

Joseph M. Jones, Sewall Key, J. Louis Monarch, and L. W. Post, Sp. Assts. to Atty. Gen., Samuel O. Clark, Jr., Asst. Atty. Gen., and J. P. Wenchel, Chief Counsel, Bureau of Internal Revenue, and Rollin H. Transue, Sp. Atty., Bureau of Internal Revenue, both of Washington, D. C., for appellee.

Before SIBLEY, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is a petition to review an order of the Board of Tax Appeals sustaining a determination of the Commissioner that petitioner, as settlor of the Jacobs Trust, was taxable upon the entire trust income for the years 1935, 1936, and 1937. The question is whether the record contains substantial evidence to support the Board's finding that the settlor retained such dominion and control over the property transferred as would entitle the Commissioner to treat him as owner of the corpus for income-tax purposes.

The property from which the income in question was derived was transferred from the settlor to himself and his wife as trustees of the Jacobs Trust. Under the declaration of trust, if other income of the settlor should become insufficient for the support and all other reasonable requirements of himself and his family, he was to be paid so much of the income or principal of the trust as should be needed for such purposes. The trustees were given unrestricted authority, so long as the settlor lived, to deal with the property and income therefrom as they saw fit, said trustees to act jointly in the exercise of all their rights and powers. Upon the death of the wife, the settlor would continue as the sole trustee with the same unlimited powers, but, should he predecease his wife, provision was made for the appointment of a successor-trustee to administer the trust with her, under restricted powers. The settlor, his wife, and their three children were each given a one-fifth interest in the principal and income, but the trustees were empowered

to withhold the income belonging to the children and add it to the principal of the trust, and they could at any time and for any reason terminate the interest of any child and substitute others or themselves as beneficiaries. The original trustees were beneficiaries of each other, and the trust was to terminate upon the fulfillment of all conditions for final distribution, and the payment of the respective interests then existing.

In administering the trust during the years involved, the trustees maintained a joint checking account in a Florida bank in which trust and private funds were commingled. Bonds of the trust estate were converted into cash; real estate was purchased with the proceeds; and title thereto was taken in the name of the settlor and his wife. Petitioner used a dummy corporation through which he invested trust funds in mortgage notes that were in turn promptly assigned to him and his wife. A deposit box was rented to keep valuables of the trust, and, after each transaction involving the use of trust funds under the individual names of the trustees, memoranda indicating that the trust was the beneficiary of the transaction were placed in the box.

 In the enactment of Section 22 (a) of the Revenue Act of 1934, 26 U.S. C.A.Int.Rev.Acts, page 669, Congress intended to use the full measure of its taxing power against income derived from any source whatever.[1] Apportionment of income under the statute follows practical consideration of substance rather than form, and transactions taking place within the intimate family circle are subject to special scrutiny to determine the true tax consequences.[2] Whenever, in the establishment of a trust, the settlor retains such dominion and control over the management and disposition of the corpus and income therefrom as is substantially equivalent to continuing ownership, the corpus is considered for tax purposes to be owned by him, and he is liable to tax upon the entire income produced thereby.[3]

 Under the terms of the trust instrument, petitioner continued to own a one-fifth interest in the trust estate. Should he predecease his wife, another one-fifth interest would revert to him, and he was at all times privileged, upon a showing of reasonable necessity, to enforce the conveyance of the remaining three-fifths back to him. The creation of the trust had no effect upon his dominion and control over the securities forming the fund, except in so far as he was restrained by the provision requiring joint administration with his wife, and the corpus of the trust actually was dealt with by petitioner as if the trust agreement had placed no restrictions upon his unfettered control. By the joint action of petitioner and his wife, the trust funds might be devoted to any use to which a private owner of the assets might put them, or the trust could immediately be terminated and the property conveyed to the settlor. Where such complete dominion over a trust is vested in the settlor and his wife, to hold that the power of joint control in the wife relieves the settlor of the burdens of the tax upon the income produced would be "to let mere formalism obscure the normal consequences of family solidarity; and to force concepts of ownership to be fashioned out of legal niceties which may have little or no significance."[4]

The findings of the Board of Tax Appeals were supported by substantial evidence, and its decision is affirmed.

[1] Helvering v. Midland Mutual Life Ins. Co., 300 U.S. 216, 57 S.Ct. 423, 81 L.Ed. 612, 108 A.L.R. 436; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

[2] Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. Cf. Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.

[3] Corliss v. Bowers, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788; Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L. R. 655; Reuter v. Commissioner, 5 Cir., 118 F.2d 698; Commissioner v. Buck, 2 Cir., 120 F.2d 775.

[4] Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 557, 84 L.Ed. 788. See also Hormel v. Helvering, 312 U.S. 552, 61 S.Ct. 719, 85 L.Ed. 1037.