## COMMISSIONER OF INTERNAL REVENUE v. JONAS.

### No. 371.

Circuit Court of Appeals, Second Circuit.

July 31, 1941.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Harry Marselli, Sp. Assts. to Atty. Gen., for petitioner, Commissioner of Internal Revenue.

Mark Eisner, of New York City (Ferdinand Tannenbaum and Walter F. Sloan, both of New York City, of counsel), for respondent Louise B. Jonas.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The question raised by this appeal of the Commissioner of Internal Revenue from the United States Board of Tax Appeals is whether the income derived in the year 1935 from two trusts created by Louise B. Jonas for her two sons is taxable to her under Section 22 (a) of the Revenue Act of 1934, 26 U.S.C.A.Int.Rev.Acts, page 669. The trusts were each limited to a period of ten years, at the expiration of which, or upon the prior death of the beneficiary, the principal with any accumulated income was to revert to the settlor. Whether liability to pay income taxes for the year 1935 should be imposed upon her depends on whether the foregoing settlements constituted short term trusts, the income of which was taxable to the settlor under the rule laid down in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 557, 84 L.Ed. 788.

The trusts were created on December 30, 1918, by written instruments executed by Louise B. Jonas. By those instruments the settlor transferred various securities to Abraham L. and Samuel F. Jacobs. The duration of each trust was to be for approximately two years, but was in no event to last beyond the death of the son of the settlor for whom it was created. The reversions were retained by the settlor but the trustees were not members of the Jonas family. They were given power to sell, mortgage or lease the trust properties upon such terms as they in their judgment deemed best and to invest the trust funds in any securities or investments whatsoever "without restriction or limitation, and notwithstanding that the same are not permitted to trustees under the laws of New York or other jurisdictions." Each trust prior to its expiration was extended to December 31, 1927, by an instrument executed December 29, 1920, and thereafter on No-vember 17, 1927, was extended to December 31, 1932, and finally was similarly extended on April 26, 1932, from December 31, 1932, to December 31, 1942. The only change affected by these extensions was the designation in the last two extensions of Samuel F. Jacobs as sole trustee, his co-trustee Abraham L. Jacobs having died in 1921.

No power of control or management of the trust property or of the disposition of the income was reserved to the settlor under either settlement, nor did she reserve any right to change, modify or revoke either trust or revest title to any of the trust property in herself. The only power she did reserve was the right to appoint a trustee or trustees, if a vacancy should occur in such position, or if an existing trustee should fail to act as such.

The settlor did not include any part of the income of the two trusts in her income tax return for the year 1935. The Commissioner, however, added to her gross income for that year the net income of the two trusts, aggregating $5,531.05 in the trust for her son George, and $7,410.41 in the trust for her son, James, and accordingly assessed a deficiency of $2,624.24. The Board decided that the income of the trusts was not taxable to the settlor and reduced the deficiency to $454.51. In our opinion the Board was right and should be affirmed because none of the income was from capital of the settlor.

We are referred to no decision taxing a settlor of a trust as the owner of the income where the allocation of the income to the trust beneficiaries has been for a period as long as ten years, where neither the settlor nor any member of his family has been a trustee, and where no management of or control over the investments or over the conversion of the principal has been vested in the settlor or any member of his family. The only resemblance of the case at bar to Helvering v. Clifford, supra, is the retention by the settlor of the reversion and her "reallocation of income within an intimate family group"; but here, for double the five year period of the trust in Helvering v. Clifford, supra, the settlor had no control over the corpus or over the disposition of the income other than that which lay in the bare possibility that she might be called on to select a successor trustee if Samuel F. Jacobs should die or become unable to act before the trusts ended. We realize that the rule of Helvering v. Clif-

'ford, supra, may be extended to cover such trusts as these but, unless and until this happens, we are not inclined to hold the settlor as owner of the corpus within Section 22(a), and the income of the trust is not to be taxed to her where she has parted with both title and control for as long a period as ten years and where she at no time was under any obligation to support the beneficiaries who were both of full age during the pendency of the trust after it was extended on April 26, 1932.

The length of the term of the trusts differentiates the case at bar from Commissioner v. Woolley, 2 Cir., 122 F.2d 167 (which we decided on July 30, 1941).

Order affirmed.