HELVERING, Com'r of Internal Revenue, v. ELIAS.

ELIAS v. HELVERING, Com'r of Internal Revenue.

No. 277.

Circuit Court of Appeals, Second Circuit.

Aug. 1, 1941.

Writ of Certiorari Denied Dec. 8, 1941.

See 62 S. Ct. 361, 86 L.Ed. ——.

Edgar B. Bronson, Jr., of New York City (Jeremiah T. Mahoney, of New York City, of counsel), for taxpayer.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and L. W. Post, Sp. Assts. to Atty. Gen., for the Commissioner.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

This case comes up upon petitions by the Commissioner and the taxpayer to review an order of the Board of Tax Appeals which re-assessed the taxpayer's income tax for the years 1934 and 1935. The controversy arises over four separate deeds of trust executed by the taxpayer on July 1, 1929, by each of which she conveyed $25,-000 to her husband in trust for one of their four children. All these deeds empowered the trustee to invest and reinvest the funds at his pleasure and to use the net income "in his sole discretion" for the support of the beneficiary until he or she reached twenty-one years, whereupon he was to pay the beneficiary any accumulations and thereafter the whole annual income until the beneficiary's death or the settlor's, on either of which the trust should end and the trustee should personally receive the whole corpus. There were other provisions which we need not describe except a clause by which the settlor reserved to herself the power to revoke the instrument at any time after January 15, 1936. It will thus be seen that she surrendered all control of these funds and all income arising from them for a period of six years, six months and fifteen days, but that thereafter she regained complete control, which in fact she exercised within a few weeks after January 15, 1936. The first question, and the only one which we find it necessary to decide, is whether the trusts were within § 22(a) of the Act of 1934, 26 U.S.C.A. Int.Rev.Acts, page 669, as construed in Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The Board thought that they were not, and decided the case upon the applicability of §§ 166 and 167 of the Act of 1934, 26 U.S.C.A.Int.Rev.Code, §§ 166, 167, upon grounds which it is unnecessary for us to describe, beyond saying that a majority held that § 166 did not cover any income actually used for the support of a beneficiary, but that the whole Board held that § 167 covered the accumulations. Each party appealed.

Our decision in Commissioner v. Barbour, 2 Cir., 122 F.2d 165, forecloses us in this case, for there is no substantial difference between a trust for six years and for six and a half; moreover, a settlor's lawyers are no more likely to be amenable to his wishes than a husband to his wife's. In that case, as in Commissioner v. Woolley, 2 Cir., 122 F.2d 167, we held that in "short-term" trusts, which keep the income among members of a family living in amity and dependence, the failure of the settlor to reserve any control or management of the fund pending the trust was not an important factor. The case of Helvering v. Clifford, supra, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788, upon which those cases were a gloss, was a departure from the concept of property as it is generally used in the law, and involved in some measure a reversion to earlier notions which treated the family as the jural unit. Ordinarily a person has "property" in a thing if he has untrammelled freedom to use it as he wills and may invoke legal sanctions to protect that freedom. It is irrelevant that he is likely to make use of that freedom as another person desires, so long as the other has no power to coerce him. That is now no longer true in this class of cases; the court must look to the whole nexus of relations between the settlor, the trustee and the beneficiary, and if it concludes that in spite of their changed legal relations the three continue in fact to act and feel toward each other as they did before, the income remains the settlor's; it follows that the most important factor is that any shifts in the legal control of income shall be confined to members of the same family, or to them and others complaisant to their desires. The court confirmed this view even more sweepingly in Helvering v. Horst, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655.

Obviously, the consequences of an inflexible application of such a doctrine would be extremely drastic; for example, the income of an equitable life estate created by a father for his son would be taxed

to the father so long as he lived. The court had no such revolutionary purpose and very carefully protected itself from such an interpretation of its decision. For, while it is true that the prime consideration is whether the income remains within the family, there are two other circumscribing factors: the length of the term and the powers of management reserved to the settlor. We think that these factors are complementary; the longer the term, the more important the reserved powers, and vice versa. Commissioner v. Buck, 2 Cir., 120 F.2d 775. There is a good reason for such a correlation, because the shorter the term the more complete is the settlor's real power of management and control regardless of legal reservations. A trustee who must manage a fund throughout the life of the beneficiary may well refuse to be guided by the counsels of the reversioner; the income is to be the beneficiary's presumably for a long time, and the reversioner has a correspondingly smaller stake. But a trustee who will have to account to his beneficiary for only five or six years and then to the reversioner, is in a very different position; if he is reasonable, he will heed the reversioner, treat his interest as paramount and be guided by his judgment. Legal powers of management add very little to such a reversioner's actual control over the fund while the trust lasts. For this reason it appears to us that it is only when the term is longer than six or seven years (as for example ten years, Commissioner v. Jonas, 2 Cir., 122 F.2d 169) that the settlor's legal reservation of control becomes vital, certainly if the settlor and the trustee are not strangers. In the case at bar they were husband and wife, living together in obvious harmony; and while there is indeed always the chance that a wife will yield to her husband's judgment in such matters, the creation of a trust, though an evidence of her confidence, is not likely much to increase his control. So far as she may have been disposed to put her judgment against his and he to yield, it is not very likely that during the six and a half years which at most could elapse before she could enforce her will, he would disregard her wishes as to the disposition of the principal, merely to increase the income of the beneficiary meanwhile.

Order affirmed on the taxpayer's appeal; order reversed on the Commissioner's appeal.