*383 OPINION.
Smith :
The question presented by this proceeding is whether the petitioner is liable to income tax for 1937 upon the income of the three trusts which he created on December 28, 1937. It is the respondent’s contention that the petitioner is liable to income tax upon such income under section 22 (a) of the Bevenue Act of 1936, which includes in “gross income” all:
* * * gains, profits, and income derived from * * * professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal, growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever. * * *
*384 The question before us is whether the petitioner was in substance the owner of the trust assets within the meaning of section 22 (a) of the statute. The respondent in his deficiency notice cites Willcuts v. Douglas, 73 Fed. (2d) 130; affd., 296 U. S. 1; Corliss v. Bowers, 281 U. S. 376; and Burnet v. Wells, 289 U. S. 670.
Since the respondent issued his deficiency notice in this case the United States Supreme Court has rendered its opinion in Helvering v. Clifford, 309 U. S. 331. That case involved the question whether the creator of a short term trust for the benefit of members of his family was liable to income tax upon the income of the trust. The Court held that he was and said:
* * * where the grantor is the trustee and the beneficiaries are members of his family group, special scrutiny of the arrangement is necessary lest what is in reality but one economic unit be multiplied into two or more by devices which, though valid under state law, are not conclusive so far as § 22 (a) is concerned.
It further said:
* * * We have at best a temporary reallocation of income within an intimate family group. Since the income remains in the family and since the husband retains control over the investment, he has rather complete assurance that the trust will not effect any substantial change in his economic position. It is hard to imagine that respondent felt himself the poorer after this trust had been executed or, if he did, that it had any rational foundation in fact. For as a result of the terms of the trust and the intimacy of the familial relationship respondent retained the substance of full enjoyment of all the rights which previously he had in the property. * * *
The bundle of rights which he retained was so substantial that respondent cannot be heard to complain that he is the “victim of despotic power when for the purpose of taxation he is treated as owner altogether.” * * *
The petitioner contends that the facts which obtain in this case are materially different from those which obtained in Helvering v. Clifford, supra. He points out that the trusts which he created are long term trusts, continuing at least for the life of the petitioner and perhaps longer, while the Clifford trust was only a five-year trust. He also contends that there was no provision in the trust indenture by which the principal or the income could ever be enjoyed by him.
The income of a long term trust, as of a short term trust, may be taxable to the grantor. See Morton Stein, 41 B. T. A. 994, which dealt with an irrevocable trust, the income of which was to be paid to the grantor’s wife as long as she lived; also, Commissioner v. Buck (C. C. A., 2d Cir.), 120 Fed. (2d) 775, and Reginald B. Parsons, 44 B. T. A. 1142. It all depends upon the degree of control which the grantor has over the trust.
We do not think that it is material that there is no provision of the trust instruments by which either the income or the corpora of the trusts would ever revest in the petitioner. See Commissioner v. Buck, supra. The petitioner did have the right to buy and sell to the *385 trusts property at prices to be determined by bimself. In David M. Heyman, 44 B. T. A. 1009, such a right was held to be equal to a power of revocation. In our opinion in that case we relied upon Chandler v. Commissioner (C. C. A., 3d Cir.), 119 Fed. (2d) 623.
The simple facts here are that these trusts were created by the petitioner for the benefit of his wife and children, his heirs at law. No one outside of the family had any rights in or any control over the trusts. The mere fact that they were declared to be irrevocable is of little importance. The petitioner does not claim that he did not have the right to modify the trusts and the evidence shows that on December 9,1940, he did modify them, although he claims that the modification was only for the protection of the beneficiaries of the trusts.
In Helvering v. Elias (C. C. A., 2d Cir.), 122 Fed. (2d) 171, the court said:
* * * the court must look to the whole nexus of relations between the settlor, the trustee and the beneficiary, and if it concludes that in spite of their changed legal relations the three continue in fact to act and feel toward each other as they did before, the income remains the settlor’s; * * *
We think that the facts that obtain in the instant case are such as those stated by the court that would make the income of the trust taxable to the settlor.
After the creation of the trusts the petitioner and he alone had absolute control of the trust assets. He was not required to distribute any part of the income to any of the beneficiaries during his lifetime. He had absolute voting rights of any shares of stock which became a part of the trust estates. He had as much or greater control over the trust assets than did the taxpayer in the case of Frank G. Hoover, 42 B. T. A. 786, in which we said:
* * * He does control the form and manner of the investment of both principal and undistributed income. And he does remain in a position to participate in the affairs of the business in which he is actively interested, a prerogative which proceeds from the retained equivalent of ownership of his interest in that enterprise. This is an attribute of proprietorship frequently of greater significance than the right to receive income. * * *
In the case of a family trust of short duration, where the corpus of the trust is to return to the grantor upon the expiration of a few years, the degree of control held by the grantor is unimportant. In the case of a long term trust, however, it must appear that the grantor has a greater degree of control over the trusts. This fact was recognized in Helvering v. Elias, supra, where the court said:
* * * while it is true that the prime consideration is whether the income remains within the family, there are two other circumscribing factors; the length of the term and the powers of management reserved to the set-tlor. * * * the longer the term, the more important the reserved powers, and vice versa. * * *
*386 As indicated above, the petitioner and no one else during his life had control over the trust assets, both principal and income. The facts in this case bring it clearly within the ambit of the opinion of the Supreme Court in Helvering v. Clifford, supra. See Commissioner v. Barbour (C. C. A., 2d Cir.), 122 Fed. (2d) 165; Commissioner v. Chamberlain (C. C. A., 2d Cir.), 121 Fed. (2d) 765; Richardson v. Commissioner (C. C. A., 2d Cir.), 121 Fed. (2d) 1; Commissioner v. Woolley (C. C. A., 2d Cir.), 122 Fed. (2d) 167.
We approve the respondent’s determination that the petitioner is liable to income tax for 1937 upon the income of the three trusts created by him during that year.
Reviewed by the Board.

Decision will be entered under Rule 50.

Kern concurs only in the result.
Aeundell dissents.