**STOCKSTROM et al. v. COMMISSIONER OF INTERNAL REVENUE.**

No. 13046.

Circuit Court of Appeals, Eighth Circuit.

Oct. 24, 1945.

Rehearing Denied Nov. 13, 1945.

Chase Morsey, of St. Louis, Mo., for petitioners.

Harold C. Wilkenfeld, Spec. Asst. to the Atty. Gen. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key, A. F. Prescott. and Melva M. Graney, Spec. Assts. to the Atty. Gen., on the brief), for respondent.

Before SANBORN, WOODROUGH and THOMAS, Circuit Judges.

THOMAS, Circuit Judge.

This is a petition to review a decision of the Tax Court of the United States (4 T.C. 5) redetermining income tax deficiencies for the calendar years 1939, 1940, and 1941 due from Bertha Stockstrom, who died December 9, 1941. The controversy involves the income for the taxable years from three trusts funds created by the decedent on March 31, 1939, when she was 74 years of age, for the benefit of her three adult children and seven grandchildren.

The Tax Court held that the income from the three trusts was taxable to her and her estate under § 22(a) of the Internal Revenue Code, 26 U.S.C.A.Int.Rev. Code, § 22(a), within the rule of Helvering v. Clifford, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

At the trial it was stipulated that if Bertha Stockstrom or her estate is liable for the tax, petitioners are liable as transferees.

In seeking review the petitioners contend that (1) The doctrine of Helvering v. Clifford, supra, is not applicable because (a) the trusts are long time trusts; (b) the grantor divested herself of any right to receive corpus or income of the trusts; (c) the beneficiaries are not members of the grantor's immediate family; and (d) the grantor did not name herself trustee; (2) The grantor did not, as found by the Tax Court, reserve the power to remove the trustees and appoint herself trustee; and (3) The unexercised right, if any, to remove the trustees and to appoint herself trustee could not be the basis of assessing a tax against her on the income from the trusts.

The dispute involves only the conclusions of the Tax Court based upon its construction of the three trust agreements and upon the relations and status of the parties named therein. No material evidentiary fact is in dispute.

At all times referred to in the record the taxpayer Bertha Stockstrom was worth in excess of $200,000. In 1939 her gross income amounted to $26,426.80; in 1940, $19,928.35; and in 1941, $20,142.71.

The beneficiaries of the first trust were decedent's son Arthur Stockstrom, his wife, and their four children; of the second, her daughter Jessie S. Russell and her two children; and of the third, her daughter Eleanor S. Brown and her son. The decedent's children were all married, living separate and apart from their mother and each other, and the grandchildren lived with their respective parents.

The terms of the three trusts are substantially the same. In each trust the settlor's husband, Louis Stockstrom, and M. E. Turner were named trustees. The corpus of each trust consisted of 4,000 shares of the common stock of the American Stove Company of the value of $10 each. When the trusts were created stock certificates for 12,000 shares were surrendered and new certificates were issued in the name of Louis Stockstrom & Co., a partnership composed of Louis Stockstrom, Arthur Stockstrom, Sr., and the settlor, as nominee. Since their creation the trusts have been administered by the trustees in the manner provided by the indentures. When dividends have been paid on the stocks, checks have been drawn in the name of the partnership which, at the direction of the trustees, has issued its checks to the beneficiaries. The stock certificates have at all times been in the possession of the trustees.

The granting clauses of the agreements assign and transfer to the trustees the trust estates described above "for the following purposes and subject to the following conditions." Then follow twenty-one paragraphs designated consecutively "Item One", "Item Two" and up to and including "Item Twenty-one."

Item One defines the powers and duties of the trustees, giving them broad powers to invest and reinvest the principal funds in every species of property at their discretion, except in bank stocks, without liability for loss or other consequence, save that any successor corporate trustee shall be liable for theft.

Items Two, Three and Four provide for distribution of the income and eventually the corpus of the trusts to the beneficiaries. During the life of decedent's son Arthur Stockstrom the income of the first trust is made payable to him, to his wife, and to his children "in such relative amounts and at such times as the trustees shall determine." The trustee or trustees are thus given power during the life of Arthur to shift the income from one beneficiary to another. Income not distributed may at any time be added to the principal. After Arthur's death the principal shall be divided into as many equal shares as he leaves surviving children, counting his wife, if she survive him, as one, and the descendants of any deceased child, if any, as one. Thereafter the income shall be divided and

paid in like ratio. As each grandchild attains the age of 21 years his share shall be transferred to him free of the trust. In their discretion the trustees are authorized to use all or any part of the principal fund or of the income to purchase annuity contracts or policies of insurance on the lives of such persons as the trustees shall deem advisable. No part of the funds have been so invested. The remaining Items provide for the succession of the trustees and the administration of the trust funds. Similar provisions are made in the second and third trusts for Jessie S. Russell and Eleanor S. Brown and their descendants.

Item Eight of the trust agreements provides that "M. E. Turner, or any person serving hereunder, as successor Trustee to M. E. Turner, may at any time be removed from the position of Trustee hereunder by his then individual Co-trustee of this trust. Should M. E. Turner or any person serving as Co-trustee hereunder as successor to M. E. Turner, by removal, death, resignation or other means cease to be Co-trustee of this trust, then the surviving individual Trustee hereunder, or his or her successor individual Trustee hereunder, may in his or her discretion appoint a person to the position of Co-trustee of this trust as successor to said M. E. Turner, or his last successor Trustee, as the case may be."

It is further provided that, if while M. E. Turner and his successors and Louis Stockstrom and his immediate successor are trustees, the trustees shall at any time disagree in the exercise of any power or discretion given them the decision of Louis Stockstrom or his immediate successor shall prevail.

Item Nineteen provides in part that "This trust is hereby created and the interests hereunder are vested subject to the express condition and reservation.

"(a) That Bertha F. Stockstrom may by instrument in writing (other than her will) executed by her and delivered to the Trustees hereunder revoke entirely or at any time or from time to time amend, alter or partially revoke the provisions of the respective items of this Indenture other than Items Two, Three and Four hereof. Bertha F. Stockstrom hereby expressly declares that all provisions of Items Two, Three and Four, respectively, of this Indenture are irrevocable and that she has not by the foregoing provisions hereof or otherwise expressly or impliedly reserved any right or power to revoke, alter or amend the provisions of said Items Two, Three and Four, respectively, of this Indenture."

This case and the case of Stockstrom v. Commissioner, 8 Cir., 148 F.2d 491, affirming 3 T.C. 255, certiorari denied, 325 U.S. ——, 65 S.Ct. 1578, are companion cases. Louis Stockstrom, the taxpayer and grantor in the trusts involved therein, was the husband of Bertha Stockstrom, grantor of the trusts in the present case. Their children and grandchildren are the beneficiaries in both groups of trusts. Referring to the first Stockstrom case, the Tax Court said: "In the trusts now under consideration the facts are substantially the same as those in the Louis Stockstrom trusts (the children's trusts) except that the grantor here did not name herself trustee. Instead she named her husband, Louis Stockstrom, and another individual, M. E. Turner. But she gave her husband the power to remove Turner at any time and reserved the right by amendment to the trust agreements to remove any of the trustees and to name herself trustee. We think that this reserved power gave her as complete control over the action of the trustees and over the distribution of trust income as if she herself had been the sole trustee. These facts, we think, bring the present case in line with Louis Stockstrom, supra [148 F.2d 491], Commissioner v. Buck, supra [2 Cir., 120 F.2d 775], and Ellis H. Warren, supra [45 B.T.A. 379, affirmed, 6 Cir., 133 F.2d 312], and require taxing the income of the trusts to the grantor under section 22(a) and the rule of Helvering v. Clifford, supra."

The petitioner's contention that the doctrine of the Clifford case is not applicable to the present case, we think is untenable. The Clifford case points out clearly the approach for a court to follow in considering "whether the grantor after the trust has been established may still be treated * * * as the owner of the corpus." The rule stated is that "the answer to that question must depend on an analysis of the terms of the trust and all the circumstances attendant on its creation and operation. And where the grantor is the trustee and the beneficiaries are members of his family group, special scrutiny of the arrangement is necessary lest what is in reality but one economic unit be multiplied into two or more by devices which * * * are not conclusive so far as § 22(a) is concerned." The Court did not say that the relationship of the parties is an indispensable or the

sole factor necessary to sustain a finding of the Tax Court that the grantor may be treated as the owner. It said: "* * * no one fact is normally decisive" of the question of ownership of a trust fund for tax purposes. Helvering v. Clifford, supra, 309 U.S. at page 336, 60 S.Ct. at page 556, 84 L.Ed. 788. Judge Learned Hand, speaking for the Second Circuit Court of Appeals in Helvering v. Elias, 122 F.2d 171, 172, certiorari denied, 314 U.S. 692, 62 S.Ct. 361, 86 L.Ed. 553, said: "* * * the court must look to the whole nexus of relations between the settlor, the trustee and the beneficiary, and if it concludes that in spite of their changed legal relations the three continue in fact to act and feel toward each other as they did before, the income remains the settlor's." See, also, Commissioner of Internal Revenue v. Lamont, 2 Cir., 127 F.2d 875. And long term trusts have been held to be within the rule of the Clifford case. George v. Commissioner, 8 Cir., 143 F.2d 837; Williamson v. Commissioner, 7 Cir., 132 F.2d 489; Warren v. Commissioner, 6 Cir., 133 F.2d 312; Central National Bank v. Commissioner, 6 Cir., 141 F.2d 352, 355, 153 A.L.R. 542; Miller v. Commissioner, 6 Cir., 147 F.2d 189, 192; Commissioner v. Buck, 2 Cir., supra. Although economic gain "realized or realizable by the taxpayer is necessary to produce a taxable income", Helvering v. Stuart, 317 U.S. 154, 168, 63 S.Ct. 140, 148, 87 L.Ed. 154, power to command trust income is equivalent to taxable enjoyment thereof, Harrison v. Schaffner, 312 U.S. 579, 61 S.Ct. 759, 85 L.Ed. 1055, and power to shift income from one beneficiary to another constitutes control and amounts to the realization of economic gain. Helvering v. Elias, supra; Brown v. Commissioner, 3 Cir., 131 F.2d 640, certiorari denied, 318 U.S. 767, 63 S.Ct. 760, 87 L.Ed. 1138; Stockstrom v. Commissioner, supra. Any such distinguishing feature may be dismissed from consideration when other facts present are sufficient to support the finding by the Tax Court of reserved control by the settlor.

■ The Clifford case, although prior in time, is an instructive application of the rules set out in the opinion of the Supreme Court in Dobson v. Commissioner, 320 U.S. 489, 501, 502, 64 S.Ct. 239, 247, 88 L.Ed. 248. There Mr. Justice Jackson, speaking for the Court, said: "Congress has invested the Tax Court with primary authority for redetermining deficiencies * * *. This requires it to consider both law and facts.

Whatever latitude exists in resolving questions such as those of proper accounting, treating a series of transactions as one for tax purposes, or treating apparently separate ones as single in their tax consequences, exists in the Tax Court and not in the regular courts; when the court cannot separate the elements of a decision so as to identify a clear-cut mistake of law, the decision of the Tax Court must stand." And, again, "Its [the Tax Court's] decision, of course, must have 'warrant in the record' and a reasonable basis in the law." When a rational basis is found for the conclusion of the Tax Court the "judicial function is exhausted."

■ Except for the fact that Bertha Stockstrom did not name herself trustee in the trusts created by her, this case does not differ substantially from the first Stockstrom case, supra, 148 F.2d 491, certiorari denied, 325 U.S. ——, 65 S.Ct. 1578, in which Louis Stockstrom, the settlor, named himself trustee. Had she named herself trustee decision in this case would be controlled by the decision of this court in that case. The only question for consideration here, therefore, is whether there is "warrant in the record" and a "reasonable basis in law" for the finding of the Tax Court that Bertha Stockstrom "reserved the right by amendment to the trust agreements to remove the trustee and name herself trustee." If the record supports this finding it follows that such "reserved power gave her as complete control over the action of the trustees and over the distribution of the trust income as if she herself had been the sole trustee."

By Item Nineteen of the trust agreements the grantor expressly reserved the right to revoke entirely every item of the trust agreements, except Items Two, Three and Four, or at any time to amend, alter or partially revoke them. Clearly, Item Eight, supra, might easily have been altered, amended and partially revoked by the grantor in her lifetime, so that it would have authorized her to remove both M. E. Turner and Louis Stockstrom as trustees and to appoint their successors without limitation, thus permitting her to name herself sole trustee. Such a construction was necessarily placed upon the trust agreements by the Tax Court; and, under the rule of the Dobson case, supra, we can not say that its conclusion is a "clear-cut mistake of law." The petitioners argue that the fact that the grantor in Item Eight del-

egated the power to her husband to remove his co-trustee and to appoint a successor shows that she did not intend by Item Nineteen to reserve such power to herself. Item Nineteen, however, contains no qualification or limitation on the power therein expressly reserved to the grantor to alter, revoke and amend any provision of the respective Items of the agreements other than Items Two, Three and Four, and the Tax Court was not required to read into them such a limitation.

 The petitioners' contention that Bertha Stockstrom's failure to amend the trust agreements, to remove the trustee and to appoint herself trustee precludes the assessing of a tax against her on the income of the trusts is without merit. The unexercised power to revoke and amend is equally as effective in determining the grantor's measure of control over a trust as is such power when exercised. Corliss v. Bowers, 281 U.S. 376, 378, 50 S.Ct. 336, 74 L.Ed. 916; Helvering v. Horst, 311 U.S. 112, 118, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Stuart, 317 U.S. 154, 168, 63 S.Ct. 140, 87 L.Ed. 154.

For the foregoing reasons the decision of the Tax Court is affirmed.