## KLEIN v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9021.

Circuit Court of Appeals, Third Circuit.
Argued Feb. 4, 1946.
Decided Feb. 25, 1946.

Writ of Certiorari Denied June 10, 1946.
See 66 S.Ct. 1380.

Leonard M. Rieser, of Chicago, Ill. (Sidney M. Perlstadt, of Chicago, Ill., on the brief), for petitioner.

Loring W. Post, of Washington, D. C. (Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before MARIS, McLAUGHLIN, and O'CONNELL, Circuit Judges.

PER CURIAM.

The sole question involved in this case is whether the taxpayer retained sufficient control over a trust fund which he created to justify the Commissioner in taxing him as the owner of the trust income under Section 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 22(a), as construed in Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. The Tax Court found that the taxpayer "was, in reality, the owner of this income during the taxable year." While this is, as the taxpayer urges, a conclusion drawn by the Tax Court from the evidential facts, it is one which we think this court is not at liberty to review. Dobson v. Commissioner, 1943, 320 U.S. 489, 64 S.Ct. 239, 88 L.Ed. 248; John Kelley Co. v. Commissioner, 1946, 66 S.Ct. 299.

The decision of the Tax Court is affirmed.

## NATIONAL LABOR RELATIONS BOARD v. ROSEBRAUGH.

### No. 11109.

Circuit Court of Appeals, Ninth Circuit.
March 7, 1946.

David A. Morse, Gen. Counsel, NLRB, Malcolm F. Halliday, Associate Gen. Counsel, A. Norman Somers, Asst. Gen. Counsel, Owsley Vose and Thomas C. Marshall, Attys., NLRB, all of Washington, D. C., and John P. Jennings, Reg. Atty., NLRB, of San Francisco, Cal., for petitioner.

Rex Kimmell, of Salem, Or., for respondent.

Before DENMAN, HEALY, and BONE, Circuit Judges.

PER CURIAM.

On the hearing of the National Labor Relations Board's petition for a decree enforcing the order of the Board, we find substantial evidence to support it.

The decree prayed for is ordered granted.