EMERY v. COMMISSIONER OF INTERNAL REVENUE.

No. 4152.

Circuit Court of Appeals, First Circuit.
July 22, 1946.

Robert A. B. Cook, of Boston, Mass. (Joseph N. Welch, Phipps, Durgin & Cook, and Hale & Dorr, all of Boston, Mass., on the brief), for petitioner for review.

J. Louis Monarch, Sp. Asst. to the Atty. Gen. (Douglas W. McGregor, Asst. Atty. Gen., Sewall Key, Helen R. Carloss, and Lee A. Jackson, Sp. Asst. to the Atty. Gen., on the brief), for the Commissioner.

Before EDGERTON (by special assignment), MAHONEY, and WOODBURY, Circuit Judges.

MAHONEY, Circuit Judge.

This case presents the question of whether a beneficiary of a trust is taxable for the income of the trust under § 22(a) of the Internal Revenue Code, 26 U.S.C.A. Int. Rev.Code, § 22(a), when she has the power to revoke, alter or amend the trust.

On August 20, 1937, Allan C. Emery created five irrevocable trusts, divesting himself of all interest in the trust principal or income. The Boston Safe Deposit and Trust Company was the sole trustee of all five trusts. Under each of the trusts, the trustee was directed to pay the settlor's wife, Elsie C. Emery, the petitioner in the case at bar, $300 per month out of income or principal, if necessary. The Emerys had five children. Each child was designated to receive the annuity enjoyed by the petitioner from the trust in which such child was named, for a period of five years after the death of the petitioner, under paragraph 6 of the respective trusts. For convenience, we shall treat the five trusts as a single trust.

Paragraph 2 of the trust provided that, subject to the annuity to the petitioner, and subject to the provisions of paragraph 5, the corpus and income of the trust was to "be used exclusively for such religious, charitable or educational purposes" as the settlor and petitioner might designate. Paragraph 5 vested the petitioner "with full power and authority to cancel or revoke this trust at any time in whole or in part by a writing to that effect addressed to the trustee" should she at any time, for any reason, express it to "be her desire or wish that the trust in this indenture created be terminated" and further vested her "with the power to amend or alter this trust in such manner and at such time or times as she may see fit." In the event of a cancellation or revocation by the petitioner, paragraph 5 directed the trustee "to pay unto her the whole of the principal of the trust fund, or such part or amount thereof, as she may designate, together with any accrued and undistributed income, less the charges thereagainst, free and discharged of all trusts."

The petitioner has on four occasions altered or amended the trust. On August 29, 1939, paragraph 6 of the trust was amended by changing the five year annuity to the children to a ten year annuity. On January 21, 1944, the petitioner released all powers which she had to alter, amend or revoke the trust. The other amendments are not material.

In her income tax return for 1939, the petitioner did not report any income as having been received from the trust. The income of the trust for that year was $28,943.62. The trustee reported that $10,943.62 was "set aside for religious, charitable, and educational purposes" and reported the balance of $18,000 as taxable to the trust. This $18,000 was paid to the petitioner in satisfaction of the annuity. The sum set aside was apparently paid to charities in 1939.

In her return for 1940, the taxpayer included $7,837.52[1] as having been received

---

[1] The petitioner asserts that this amount was included in her return by error and that no part of it was ever re-

by her from the trust but did not include the $18,000 annuity. The trust deducted $7,837.52 as having been distributed to the beneficiaries and reported a net income of $18,000 as taxable to the trust.

The total income of the trust for 1941 was $44,949.46. The petitioner, in her return for that year, reported that $26,177.01 was received by her from the trust, but did not include the balance of $18,772.45, which the trust reported as taxable to it.

The Commissioner redetermined the taxable income of the petitioner for each of the three years in question, including as her income all the income of the trust in each of those years. He allowed her the limited 15 per cent deduction permitted under § 23(o) of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 23(o), for the contributions actually made by the trust during the respective years to charities. The Tax Court affirmed the determination of the Commissioner.

The petitioner contends that the amounts paid to her in the form of an annuity are excluded under § 22(b) (3) of the Internal Revenue Code and that the income of the trust over and above the annuities was exempt from taxation under § 23(o) of the Internal Revenue Code. The Commissioner contends that all the income of the trust is taxable to the petitioner under § 22(a) of the Internal Revenue Code, because her dominion over the trust was tantamount to ownership of the trust assets.

■ It is quite clear that if the petitioner were the settlor of the trust with the power to revoke, alter or amend, all the income of the trust would be taxable to her, even though in fact some one else received it because she did not see fit to exercise her powers. Corliss v. Bowers, 1930, 281 U.S. 376, 50 S.Ct. 336, 74 L.Ed. 916. In the Corliss case, the Supreme Court said 281 U.S. at page 378, 50 S.Ct. at page 337, 74 L.Ed. 916, that "The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not." We see no reason why the principles and logic of the Corliss case do not apply to the case at bar. We cannot see any valid reason for distinguishing between a settlor who reserves broad powers over a trust and a beneficiary who receives and retains such powers. The fact that the petitioner did not exercise her powers in her own favor during the taxable years does not make the income any less taxable to her. Stockstrom v. Commissioner, 8 Cir., 1945, 151 F.2d 353, 356. In enacting § 22(a) of the Internal Revenue Code, Congress intended "to use its constitutional powers of income taxation to their 'full measure'." Helvering v. Stuart, 1942, 317 U.S. 154, 168, 169, 63 S.Ct. 140, 87 L. Ed. 154. It is not necessary that a taxpayer collect the income which is attributable to him for the purposes of income taxation. Helvering v. Horst, 1940, 311 U.S. 112, 61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655; Helvering v. Eubank, 1940, 311 U.S. 122, 61 S.Ct. 149, 85 L.Ed. 81; Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788. Where his control of a trust is so complete that it must be said that the taxpayer is the owner of the trust's income, then it is taxable to him. Helvering v. Stuart, supra.

■ In the instant case, the petitioner, during the taxable years had the power to revoke, alter or amend the trust. She might have revoked the trust and vested herself with title to the entire corpus. We believe that this was tantamount to ownership for the purposes of income taxation. A person could have a more unrestricted control over property only by having outright title. The act required to give the petitioner outright title was so negligible that we cannot treat her position any differently than that of an outright owner.

In Mallinckrodt v. Nunan, 8 Cir., 1945, 146 F.2d 1, income of a trust was to be distributed to a beneficiary on request and if not distributed to be added to the corpus. The court held that all the income which the beneficiary could request payment of was taxable to him, even though he requested only a part of it. The Court said, 146 F.2d at page 5, that "logically it makes no difference whether the possessor is a

---

ceived by her, that part of it was actually distributed to charities. In the view we take of this case, this fact is immaterial.

grantor who retained the power or a beneficiary who acquired it from another." The control of the petitioner in the case at bar was even greater than a power to request all of the income of the trust and hence the principles of the Mallinckrodt case are applicable here.

Jergens v. Commissioner, 5 Cir., 1943, 136 F.2d 497, 498 was very similar to the instant case. There the taxpayer was co-trustee and beneficiary of a trust and had the power to alter or amend the trust or withdraw any part of the corpus except for certain insurance policies on his own life. The Court held that all the trust income was taxable to the beneficiary, saying that "It is the long-settled course of tax jurisprudence that such control over income warrants the imposition of the tax incidence of that income upon the person who commands its disposition whether he takes it for himself or not. This principle is not to be limited in trust cases to situations where the grantor has retained controlling powers; the determinative consideration is the existence of actual dominion over the property whether it is retained or acquired."

In Richardson v. Commissioner, 2 Cir., 1941, 121 F.(2d) 1, 3, a taxpayer who was not the settlor, had the power to revoke certain trusts and receive the corpus free and clear. Although the taxpayer never exercised this power or used any of the income for his own benefit, the court held that it was all taxable to him because the trust corpus was so far subject to his unfettered dominion that it in substance was his.

In Frank v. Commissioner, 3 Cir., 1944, 145 F.2d 413, a trust provided that the taxpayer was to receive 50% of the income, but that the trustees, with her consent might distribute any or all of the 50% otherwise. In the taxable year in question, the trustees, with the consent of the taxpayer, made a gift of a portion of the 50% of the income to certain charitable organizations. The court held that the taxpayer was taxable on the whole 50% and not just on the amount she received.

We believe that the ratio decidendi of these four decisions is applicable to the case at bar.

The petitioner places great reliance on the case of Commissioner v. Giannini, 9 Cir., 1942, 129 F.2d 638. There the taxpayer was a corporate officer and entitled to a certain percentage of the corporate income. After accepting this percentage for a portion of the year, he informed the corporation that he would not continue to take it and the corporation subsequently donated it to a charity. The court held that the moneys paid to the charity after the taxpayer's refusal to continue receiving his percentage was not taxable to him since he had not beneficially received it. We do not now intend to pass on the issue presented by the Giannini case. It is enough for present purposes to say that the situation there involved was much different than that here presented to us. The Giannini case involved a repudiation of a right to receive income in the future. In our case, the taxpayer did not, during the taxable years involved, renounce her right or release her power to obtain all the income and principal of the trust. Cf. Frank v. Commissioner, supra, distinguishing the Giannini case. All during the taxable years, she possessed the power to take the corpus and income for her own use.

The petitioner contends that since the annuity of $18,000 a year, or $1,500 a month, was payable to her, in any event, out of income or corpus if necessary, that the annuity falls within the principle of Helvering v. Butterworth, 1933, 290 U.S. 365, 54 S.Ct. 221, 78 L.Ed. 365 and Burnet v. Whitehouse, 1931, 283 U.S. 148, 51 S.Ct. 374, 75 L.Ed. 916, 73 A.L.R. 1534 and § 22(b) (3) of the Internal Revenue Code. We cannot agree. Although annuities that are absolutely payable are generally held to be exempt from taxation to the beneficiary under § 22(b) (3) as gifts, this principle cannot be applied to a situation where the beneficiary is for all practical purposes the owner of the corpus. The petitioner is being taxed here under § 22(a), not under § 162 of the Internal Revenue Code, 26 U.S.C.A. Int.Rev.Code, § 162, or under § 111 of the Revenue Act of 1942, 26 U.S.C.A. Int.Rev.Acts, page 175.

Plimpton v. Commissioner, 1 Cir., 1943, 135 F.2d 482 is not in point. There the taxpayer was a co-trustee and beneficiary.

The trustees had the power to accumulate or distribute the net income, but the taxpayer-trustee could not have demanded the income without the consent of the other trustee. The taxpayer's control was not unfettered. In the instant case, it was unfettered.

The judgment of the Tax Court is affirmed.