## CORY v. COMMISSIONER OF INTERNAL REVENUE.

### No. 9029.

Circuit Court of Appeals, Third Circuit.

Argued Dec. 16, 1946.

Decided Jan. 30, 1947.

Roswell Magill, of New York City (Samuel B. Stewart, Jr., and Peter V. D. Voorhees, both of New York City, on the brief), for appellant.

Henry Kutz, of Washington, D. C. (Sewall Key, Acting Asst. Atty. Gen., and Robert N. Anderson, Sp. Asst. to Atty. Gen., on the brief), for appellee.

Before GOODRICH and McLAUGHLIN, Circuit Judges, and MURPHY, District Judge.

GOODRICH, Circuit Judge.

This case involves alleged deficiencies in taxpayer's income taxes for the taxable years of 1937 to 1941, inclusive. The question is whether the taxpayer is subject to taxation upon the income of four trusts set up by him with his wife and three sons as respective beneficiaries. Responsibility, if any, is predicated upon Section 22(a) of the Internal Revenue Code.[1] The Tax Court upheld the tax[2] and the taxpayer appeals.

The liability of this taxpayer for income tax upon the income from these trusts was passed upon by this Court in Cory v. Commissioner of Internal Revenue, 3 Cir., 1941, 126 F.2d 689. Certiorari was denied in 1942, 317 U.S. 642, 63 S.Ct. 34, 87 L.Ed. 517. The years there involved were 1935

---

[1] 49 Stat. 1648 (1936), 52 Stat. 447 (1938), 26 U.S.C.A. Int.Rev.Code, § 22(a).

[2] Robert H. Cory v. Commissioner, 4 C.C.H. Tax Court Memo. Dec. 297 (1946).

and 1936. An assessment imposing liability was upheld on application of the doctrine of Helvering v. Clifford, 1940, 309 U.S. 331, 60 S.Ct. 554, 84 L.Ed. 788.

The factual background concerning the formation and operation of the four trusts has been discussed thoroughly in the prior Tax Court and Circuit Court opinions and will not be restated here. [3] Comment will be made only upon the facts germane to the issues of this appeal.

It is to be kept in mind on this second appearance of the litigation between the taxpayer and the taxing authorities that the identical trusts are involved which were before the Court in the case just cited. The taxpayer is the same party, the trustee of the trusts remains unchanged and the claimant for taxes, that is the United States, is the same claimant who made the claim before. The beneficiaries are also unchanged. One is the wife of the settlor. The other three are his sons.

■ The legal question which immediately leaps to the eye is the application of the doctrine of res judicata. Why are not matters between the taxpayer and government foreclosed by that doctrine from further consideration in this Court? One answer might be that since income taxes are levied on an annual basis the claim for taxes for one year is not the same thing as the claim for taxes for another year and,

therefore, the rule of res judicata cannot apply. This argument comes too late and all we need to do to answer it is to refer to the authorities which settle that question the other way. [4] The fact that each year's tax is a separate claim does not prevent the application of res judicata if the case is otherwise an appropriate one for its application. [5]

■ The second argument made by the taxpayer is that in the former litigation the taxpayer did not really present his case. He says that in the Tax Court the Commissioner, who had the burden of proof, merely showed the trust agreements and that he, the taxpayer, did not round out the picture because the burden was on the Commissioner, not on him. But it is very clear in the application of the doctrine of res judicata that the parties are not entitled to have a question considered on its merits a second time merely because they failed to produce all the facts the first time. [6] Furthermore, and this we deem highly important, the question of the liability of this taxpayer for the income of the four trusts involved under the Helvering v. Clifford doctrine was thoroughly considered as part of the case in this Court earlier. The issue was ·tendered in the brief of the taxpayer-appellant, was answered by the government and was fully considered by the Court which decided

· 3 Cory v. Commissioner of Internal Revenue, 3 Cir., 1941, 126 F.2d 689; Robert H. Cory v. Commissioner, C.C.H. Board of· Tax Appeals Service, B.T.A. Decisions, p. 34,137 (1941); Robert H. Cory v. Commissioner, 4 C.C.H. Tax Court Memo. Dec. 297 (1946).

4 Tait, Commissioner of Internal Revenue v. Western Maryland Railway Co., 1933, 289 U.S. 620, at page 624, 53 S. Ct. 706, 707, 77 L.Ed. 1405 states: "This court has repeatedly applied the doctrine of res judicata in actions concerning state taxes, holding the parties concluded in a suit for one year's tax as to the right or question adjudicated by a former judgment respecting the tax of an earlier year. [Citing cases] * * * It cannot be supposed that Congress was oblivious of the scope of the doctrine, and in the absence of a clear declaration of such purpose, we will not infer from the annual nature of the exaction an intent to abolish the rule in this class of cases." City of New Orleans v.

Citizens' Bank, 1897, 167 U.S. 371, at pages 395–402, 17 S.Ct. 905, 42 L.Ed. 202.

5 Numerous discussions, which will not be repeated, of res judicata and tax law, with citation of the development of the cases are found in: 10 Mertens, Law of Federal Income Taxation 1943 §§ 60.19–60.27, inclusive; 5 Paul and Mertens, Law of Federal Income Taxation (1934) and 1939 Cumulative Supplement §§ 53.24–53.29, inclusive; Paul, Selected Studies in Federal Taxation (2d series, 1938) pp. 104–148; Griswold, Res Judicata in Federal Tax Cases (1937) 46 Yale L.J. 1320. The Restatement, Judgments (1942) comments upon res judicata and tax law in the following Sections: § 68; § 69(1); § 70.

6 2 Freeman, Judgments (5th ed. 1925) § 675; O'Quin, Res Judicata—"Matters Which Might Have Been Pleaded" (1940) 2 La.L.Rev. 347; von Moschzisker, Res Judicata (1929) 38 Yale L.J. 299 at pp. 301, 311–314.

against the taxpayer.[7] That seems to us to settle any question of whether the issues were raised and considered and decided in the first litigation. The result of that litigation upon the parties in subsequent litigation appears from the Restatement of Judgments as follows (§ 69(1)):

"§ 69. Effect of Appeal or Inability to Appeal.

"(1) Where there is an appeal from a judgment, the determination by the appellate court of issues actually litigated is conclusive between the parties in a subsequent action on a different cause of action."

■ The Tax Court held that as to the trust for Mrs. Cory, the settlor's wife, the prior litigation settled taxpayer's liability for the income of that trust. We see no possible escape from this conclusion. The circumstances for the years in question, except for the passage of time, were precisely what they were in the first litigation. The relationship between the parties continued and the terms of the trust were unchanged. The family situation with respect to the wife, who was and continued to live with her husband, was unchanged.

We think the Tax Court was correct in saying that further consideration of the trust for Mrs. Cory was precluded by the rule of res judicata.

When we come to the situation of the trusts for the three sons we must grant that there are some changes aside from the fact that everybody concerned had grown older during the intervening years. At the time of the first litigation the two elder sons had attained their majority[8] and the youngest son was a minor. During the years involved here the two elder sons had left the parental roof and established homes of their own. The income from the trusts continued to be paid to them as a supplement to their earned incomes. The youngest son has, during the tax years in question, attained his majority and has been away from the family home while attending college and law school.

■ To the extent that these changing facts present legally significant differences from the state of facts on which this case was first presented to this Court they, obviously, change the propriety of the application of res judicata to the later tax years.[9] However, it must be noted that

---

[7] Cory v. Commissioner of Internal Revenue, 3 Cir., 1941, 126 F.2d 689 at page 692: "We must determine then whether the evidence supports a finding that the settlor retained enough 'attributes of ownership' to 'be treated as the owner for tax purposes.' Since the facts are determinative, they must be set forth at some length. * * *." In the Brief for the Appellant that was submitted to the Circuit Court in the above case we find the following "Statement of Questions Involved: * * * The sole question on this appeal is whether the Board of Tax Appeals was justified in deciding that the grantor retained such incidents of ownership in the trust property that he remained in substance the owner of such property and therefore taxable on the income thereof, the burden of proof on this issue being on the respondent (the Commissioner)." The Brief for the Respondent in the above case stated that the "Question Presented [Was:] * * * Is the Taxpayer accountable under Section 22(a) of the Revenue Acts of 1934 and 1936 for the 1935 and 1936 income of the trusts?"

[8] Appendix to Appellant's Brief, p. 99a, contains a record of taxpayer's statement of sons' birth dates before the Tax Court.

The oldest son was born August 5, 1913, making him 22 years old in 1935; the next son was born October 1, 1914, causing him to be 21 in 1935; and the youngest was born June 20, 1918, and 17 years old in 1935.

[9] Griswold, Res Judicata in Federal Tax Cases (1937) 46 Yale L.J. 1320, under a subdivision entitled "Different Tax Years" on p. 1333 comments as follows: " * * * Much more difficult is a question whether a decision for one tax year is conclusive in a subsequent litigation involving a different year, and the cases, in result at least, are enshrouded in confusion. There is agreement that res judicata in this situation is limited to the precise question which was decided in the former case; but there is little harmony in determining what types of questions fit this test. Questions of law and of fact are infinite in variety, and there is an imperceptible gradation from the few situations in which it is clear that precisely the same issue is involved in two litigations for different years, to the multitude of cases in which it is equally clear that the questions involved are different. Between the two extremes is a wide area of doubt. And there are further difficulties. Even if we grant

in our earlier decision the Court was required to pass upon the question whether the fact that the two elder sons had attained their majority relieved the taxpayer from the application of the doctrine of Helvering v. Clifford. The Court said that it did not [10] and, therefore, necessarily committed itself to the proposition of law that the fact that certain beneficiaries of the trust may no longer call upon the settlor for support does not preclude the application of the Helvering v. Clifford rule to the liability of the settlor for tax upon the trust income. It may be remarked, parenthetically, that in this conclusion this Court is supported by numerous other decisions in various Circuits, though we would by no means claim that any phase of the application of this difficult doctrine is sun clear. [11] As to the trust for the youngest son, to bring our former decision and holding into this litigation, it is clear that the fact that the youngest son has now attained his majority is not a fact which pulls the case out of Helvering v. Clifford. This was necessarily involved in the form-

that res judicata applies to questions of law and to questions of fact, does it apply to the law portion of mixed questions of law and fact? All cases involve both law and facts, although the one or the other may not be in dispute in a particular controversy. How far, then, does res judicata apply to the law when the facts in the second case, though different, are found not to be different in legal effect? And when we talk about a question of fact being res judicata, does that apply to the evidentiary facts only or to the ultimate facts, though there may be an attempt to offer different evidentiary facts in the two cases?"

Cf. Corrigan v. Commissioner of Internal Revenue, 6 Cir., 1946, 155 F.2d 164, 166; Monteith Bros. Co. v. United States, 7 Cir., 1944, 142 F.2d 139, 140; Stoddard v. Commissioner of Internal Revenue, 2 Cir., 1944, 141 F.2d 76, 80; Henricksen v. Seward et al., 9 Cir., 1943, 135 F.2d 986, 989, 150 A.L.R. 1. These decisions seem to us to show that a decision as to tax liability, subsequently overruled, is not res judicata for subsequent years, even though the overruling decision was not on the particular taxpayer's appeal.

10 In Brief for Appellant, p. 11, in the previous litigation, taxpayer stressed that "* * * While such part of the reasoning [economic unit of the Clifford doctrine] might be applicable to the trust for Mrs. Cory, it could have no bearing upon the trusts for the sons, who, under this record, must be considered, as previously stated, to have been adults for whose support Cory owed no legal obligation whatsoever, and who were in no real sense 'one economic unit' with him. * * *" The reply of the Court was: "* * * The particular emphasis which the Clifford case placed upon the identity of the beneficiaries is not lost here. The beneficiaries of our trusts are also members of the grantor's 'family group'. The trust just as in the Clifford case merely reallocated the income within an 'intimate family group.' " Cory v. Commissioner of Internal Revenue, 3 Cir., 1942, 126 F.2d 689, at page 693.

11 Judge Learned Hand's comment upon this aspect of the Clifford problem is as follows: "The case of Helvering v. Clifford * * * was a departure from the concept of property as it is generally used in the law, and involved in some measure a reversion to earlier notions which treated the family as the jural unit. Ordinarily a person has 'property' in a thing if he has untrammelled freedom to use it as he wills and may invoke legal sanctions to protect that freedom. It is irrelevant that he is likely to make use of that freedom as another person desires, so long as the other has no power to coerce him. That is now no longer true in this class of cases; the court must look to the whole nexus of relations between the settlor, the trustee and the beneficiary, and if it concludes that in spite of their changed legal relations the three continue in fact to act and feel toward each other as they did before, the income remains the settlor's; it follows that the most important factor is that any shifts in legal control of income shall be confined to members of the same family, or to them and others complaisant to their desires. * * *" Helvering v. Elias, 2 Cir., 1941, 122 F.2d 171, at page 172.

See also Stockstrom v. Commissioner, 8 Cir., 1945, 151 F.2d 353, where beneficiaries were three adult children and seven grandchildren living apart from the grandmother-settlor; Commissioner v. Wilson, 7 Cir., 1942, 125 F.2d 307, at page 310 involving trusts for 28 year old son and 26 year old married daughter: "It is clear that children of the settlor are members of the 'family group' within the meaning of those words as used in the Clifford case, * * *. And the fact that the son is an adult is immaterial, Commissioner v. Berolzheimer, 2 Cir., 116 F.2d 628."

er decision of this Court. Therefore, the only change in fact not covered by our earlier decision is that presented in the departure of the two already adult sons from the family roof and the establishment by them of separate homes elsewhere. As already shown, however, the Helvering v. Clifford rule is not confined in its concept of a family group to those members of the family who dwell together under one roof.[12] Therefore, the departure of the grown-up sons to homes of their own would seem to have no such legal significance as would prevent the doctrine of res judicata from having full application.[13]

It seems to us, therefore, that the taxpayer's desire to have a different rule applied to his liability for income from these trusts is open to three difficulties and that the overcoming of any two of them will throw him into the third. First, in so far as the question of what "ownership" is sufficient to make a settlor liable under Helvering v. Clifford is a question of fact, that question has been decided adversely to the taxpayer by the Tax Court. The government urges this proposition and cites authority which it says supports it.[14] We refrain from committing ourselves upon the point except to the extent of saying that if the question involved is one of fact we are not prepared to say that the Tax Court decision is so outrageous that we can set it aside on that ground.

The second difficulty is the application of the res judicata rule discussed above. With regard to the trust for the settlor's wife, we think the rule inescapable. With regard to the sons, we think it applies for the reasons stated.

The third and final difficulty is that even if, as to the sons' trusts, res judicata is not

applicable, the case in this Court must surely be decided against the taxpayer on the basis of stare decisis, unless we are prepared to repudiate our earlier decision. We have shown, we think, that differences between the case as presented earlier and as presented now are such differences in fact as do not call for an application of a different rule of law.

The decisions of the Tax Court are affirmed.

[12] Commissioner v. Woolley, 2 Cir., 1941, 122 F.2d 167, 169, nephew who did not live with settlor regarded as "In the family"; Commissioner v. Barbour, 2 Cir., 1941, 122 F.2d 165, mother-in-law not in same household regarded as a member of the "intimate family group"; see also cases cited in footnote 11. But cf. Commissioner v. Armour, 7 Cir., 1942, 125 F. 2d 467, at page 469.

[13] This case presents a reply to one phase of Professor Griswold's query quoted in footnote 9: "* * * How far, then, does res judicata apply to the law when the facts in the second case, though different, are found not to be different in legal effect? *. * * *"

[14] Boehm v. Commissioner of Internal Revenue, 1945, 326 U.S. 287, at page 293, 66 S.Ct. 120; Littel v. Commissioner of Internal Revenue, 2 Cir., 1946, 154 F.2d 922, at page 923; Klein v. Commissioner of Internal Revenue, 3 Cir., 1946, 154 F.2d 58; Stockstrom v. Commissioner of Internal Revenue, 8 Cir., 1945, 151 F.2d 353, at page 356.